IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY KATHLEEN KIRBY,

        Plaintiff,

     vs.

J.C. PENNEY CORPORATION, INC.

        Defendant.

Civil Action

No. 08-1088

Judge McVerry

Jury Trial Demanded

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

1.    The Civil Rights laws protect individuals rather than groups from discrimination because of their race. Thus, the mere fact an employer may have hired, retained, or promoted other White individuals does not mean it did not discriminate against Ms. Kirby because of her race. Rather, the question is whether J.C. Penney fired *Kirby* because of her race. Employers also are not permitted to act on the basis of one employee's race to avoid liability for discrimination against another person.

**Authority:**

42 U.S.C. §2000e-2(a)(1); 42 U.S.C. § 1981; 43 Pa. Stat. § 955(a); *Ricci v. DeStefano*, 129 S. Ct. 2658, 2674-75 (2009*)*; *Connecticut v. Teal*, 457 U.S. 440, 453-55 (1982); *Goosby v. Johnson & Johnson Medical, Inc.*, 228 F.3d 313, 321 (3d Cir. 2000); *Pivirotto v. Innovative Systems Inc.*, 191 F.3d 344, 353-54 (3d Cir. 1999).

**Defendant's Objection to Plaintiff's Proposed Instruction No. 1:**

J.C. Penney objects to Plaintiff's proposed instruction because it does not accurately state the law. Where the circumstances involved in the treatment of the other employees are similar to the circumstances involved in the plaintiff's treatment, the evidence will generally be allowed. See, e.g., *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804 (1973); *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1212 (3d Cir. 1995).

J.C. Penney objects to the last sentence of Plaintiff's proposed instruction ("Employers also are not permitted to act on the basis of one employee's race to avoid liability for discrimination against

another person") because it does not accurately state the law, and because it is unnecessary to explain that the Civil Rights laws are not limited to discrimination against racial minorities.

2.      To prevail on her claim for race discrimination, Ms. Kirby need not prove hatred, or even dislike. Rather, Ms. Kirby must prove, by a  preponderance of the evidence, that her race was a motivating factor in J.C. Penney's decisionmaking process.  Kirby need not prove that her race was the *sole* cause of the employer's decision.  Even if you find that other factors played a role in the employer's decision to fire Kirby, you should find for the plaintiff if you find that her race was a motivating factor in that decision.

**Authority:**

42 U.S.C. § 2000e-2(m); *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 668-669, 107 S.Ct. 2617, 2625 (1987); *Ferrill v. The Parker Group,* 168 F.3d 468, 472-473 (11th Cir. 1999); *Desert Palace Inc. v. Costa*, 539 U.S. 90, 101-02 (2003); *Doe v. C.A.R.S. Protection Plus, Inc.,* 527 F.3d 358, 364 (3d Cir. 2008); *In re Carnegie Ctr. Assoc.*, 129 F.3d 290, 294 (3d Cir. 1997);  *Miller v. Cigna Corp.*, 47 F.3d 586, 598-99 (3d Cir. 1995)(en banc).

**Defendant's Objection to Plaintiff's Proposed Instruction No. 2:**

J.C. Penney objects to Plaintiff's proposed instruction because a pretext claim requires proof that plaintiff's protected status was a "determinative" factor, not a "motivating" factor. See, e.g., *Atkinson v. LaFayette College*, 460 F.3d 447, 455 (3d Cir. 2006) ("… the burden of proof rested with [plaintiff] to demonstrate that the reasons proffered were pretextual and that gender was a determinative factor in the decisions." (Emphasis supplied.)); *Fakete v. Aetna, Inc.*, 308 F.3d 335 (3d Cir. 2002); *Watson v. SEPTA,* 207 F.3d 207 (3d Cir. 2000). See also Third Circuit Model Jury Instructions ("Model Instructions") Comment to § 5.1.1; Model Instructions § 5.1.2. Additionally, the language is not neutral.

3.      Ms. Kirby may meet her burden in either of two ways.  First, she can show directly, by a preponderance of the evidence, that her race was a motivating factor in the employer's decision.

However, because direct evidence is rare, if you do not find that Ms. Kirby has shown directly

that her race was a motivating factor in the employer's decisionmaking process, then Ms. Kirby can

meet her burden through indirect evidence that:

1.  Ms. Kirby is a member of a protected class; that is, she is White;

2.  She was qualified for the position she held; that is, she had the basic skills to do the job;

3.  She was fired; and

4.  She was treated less favorably than a non-White individual, or other circumstances creating an inference of discrimination.

Once these facts have been established, it is Ms. Kirby's burden to persuade you, by a

preponderance of the evidence, that Defendant fired her because of her race.

You may infer that Ms. Kirby has met her burden if you find that the four facts set forth above

have been established, and you further disbelieve J.C. Penney's explanation for why it fired Ms.

Kirby. That is, you may find for Ms. Kirby if you find that the employer's articulated reason for firing

her was a pretext, or coverup, for discrimination.

## Authority:

*Desert Palace, Inc. v. Costa,* 539 U.S. 90, 99-100 (2003); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000); *Abramson v. William Patterson College of N.J.*, 260 F.3d 265, 281 (3d Cir. 2001); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1071 (3d Cir. 1996)(*en banc*); *Tomasso v. Boeing Co.*, 445 F.3d 702, 706 n.4 (3d Cir. 2006); *Duffy v. Paper Magic Gp., Inc.*, 265 F.3d 163, 167 (3d Cir. 2001); *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 354 (3d Cir. 1999); *Iadimarco v. Runyon*, 190 F.3d 151, 164 (3d Cir. 1999); *Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 280 (3d Cir. 1998).

## Defndant's Objection to Plaintiff's Proposed Instruction No. 3:

J.C. Penney objects to Plaintiff's proposed instruction because a pretext claim requires proof that plaintiff's protected status was a "determinative" factor, not a "motivating" factor. *See, e.g., Atkinson v. LaFayette College,* 460 F.3d 447, 455 (3d Cir. 2006) ("… the burden of proof rested with [plaintiff] to demonstrate that the reasons proffered were pretextual and that gender was a determinative factor in the decisions." (Emphasis supplied.)); *Fakete v. Aetna, Inc.*, 308 F.3d 335 (3d Cir. 2002); *Watson v. SEPTA*, 207 F.3d 207 (3d Cir. 2000). *See also* Third Circuit Model Jury Instructions ("Model Instructions") Comment to § 5.1.1; Model Instructions § 5.1.2. J.C. Penney

further objects to Plaintiff's proposed instruction because it is unnecessarily confusing in that it does not define either "direct evidence" or indirect evidence." J.C. Penney also objects to Plaintiff's proposed instruction because Plaintiff must establish not only that she was qualified for the position she held, but also that her job performance was satisfactory. *See, e.g., McWilliams v. Western Pennsylvania Hosp.*, 717 F. Supp. 351 (W.D. Pa. 1989).

J.C. Penney also objects because a finding of pretext does not, as a matter of law, require a finding of liability, *St. Mary's Honor Center v. Hicks*, 509 U.S. 510 (1993); because the instructions fails to instruct that the jury may "but need not" draw an inference; *Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 280 (3d Cir. 1998); *Sheridan v. E.I. DuPont de Nemours and Co.,* 100 F.3d 1061, 1066-67 (3d Cir. 1996); because the instruction impermissibly and incompletely describes the burden shifting process; *Pivirotto v. Innovative Systems, Inc.*, 191 F.3d at 347 n.1; because the instruction fails to inform the jury that the burden of proof of intentional discrimination remains with the plaintiff; *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993); and because it fails to use neutral language.

    4.    In determining whether the reason offered by J.C. Penney for firing Ms. Kirby is a pretext for illegal discrimination, you may consider any weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in Defendant's proffered reasons for its action. You may also consider the reasonableness of Defendant's decision to the extent it assists you in determining its state of mind.

**Authority:**

*Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981); *Ash v. Tyson Foods, Inc.*, 546 U.S. 455, 457 (2006); *Fuentes v. Perskie*, 32 F.3d 759, 765 & n.8 (3d Cir. 1994); *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 332 (3d Cir. 1995); *Kiliszewski v. Overnite Transp. Co.*, 818 F. Supp. 128, 132 (W.D. Pa. 1993).

**Defendant's Objection to Plaintiff's Proposed Instruction No. 4:**

 J.C. Penney's proposed instruction on pretext much more closely tracks the language in the model rule. Plaintiff's proposed language seems excessive, especially in light of the contrary language contained in the approved business judgment instruction.

    5.    In determining whether the reasons offered by Defendant for firing Ms. Kirby are pretexts for illegal race discrimination, you may consider whether the employer changed the reasons

it articulated.   Thus, if the reasons Defendant has offered for firing Ms. Kirby did not remain consistent beginning at the time they were offered and continuing throughout this litigation, you may find, from that fact alone, that the reasons offered are pretexts for discrimination.

**Authority:**

*Reeves v. Sanderson Plumbing Co.*, 530 U.S. 133, 147-48 (2000); *Abramson v. William Patterson College of New Jersey*, 260 F.3d 265, 284 (3d Cir. 2001); *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994); *Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 281 (3d Cir. 1998); *Siegal v. Alpha Wire Corp.*, 894 F.2d 50, 55 (3d Cir. 1990).

**Defendant's Objection to Plaintiff's Proposed Instruction No. 5:**

J.C. Penney objects to Plaintiff's proposed instruction because it is duplicative of Plaintiff's Proposed Instruction No. 4.

## Compensatory Damages

6.      If you determine Ms. Kirby's race was a motivating factor for J.C. Penney's actions, you must determine the amount of damages sustained by Ms. Kirby.

Generally speaking, a person who is a victim of illegal discrimination is entitled to be restored to the position she would have been in but for the discrimination, with all lost monies and benefits.

In this case, Ms. Kirby has alleged that, as a result of J.C. Penney's intentional discrimination, she has suffered humiliation, inconvenience, and great mental anguish and emotional strain.

Ms. Kirby has the burden of proving any compensatory damages by a preponderance of the evidence.  If you determine that Ms. Kirby has proven by a preponderance of the evidence that she has experienced humiliation, inconvenience, mental anguish, and/or emotional strain,  you may award her damages for those injuries.  No evidence of monetary

value of such intangible things as inconvenience and humiliation has been, or needs to be, introduced into evidence.  No exact standard exists for fixing the compensation to be awarded for these elements of damages.  The damages you award must be fair compensation–no more and no less.

When considering the amount of monetary damages to which Kirby may be entitled, you should consider the nature, character, and seriousness of any inconvenience, humiliation, mental anguish, and/or emotional strain she felt.  You must also consider its extent or duration, as any award you must cover the damages endured by Ms. Kirby since the wrongdoing, to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that Kirby's damages have continued to the present time or can reasonably be expected to continue into the future.

### Authority:

42 U.S.C. § 2000e-5(g)(1); *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 414-21 (1975); *Loeffler v. Frank*, 486 U.S. 549, 558 (1988); *Bolden v. SEPTA*, 21 F.3d 29, 33-35 (3d Cir. 1994); *Booker v. Taylor Milk Co.*, 64 F.3d 860, 864-68 (3d Cir. 1995); *Kelly v. Matlack, Inc.*, 903 F.2d 978, 984 (3d Cir. 1990); *Sinclair International Corp. v. Maxfield*, 766 F. 788 (3d Cir. 1985), *cert denied*, 474 U.S. 1057 (1986); *Gallo v. John Powell Chevrolet, Inc.*, 779 F. Supp. 804 (M.D. Pa. 1991).

### Defendant's Objection to Plaintiff's Proposed Instruction No. 6:

J.C. Penney objects to Plaintiff's proposed instruction on compensatory damages because it is incomplete and misleading. A proper instruction is set forth in Model Jury Instruction § 5.4.1.

### Punitive Damages

[to appear after Joint Proposed Instruction No. 3]

7.    It is not necessary for Ms. Kirby to present direct evidence of malicious intent,

or reckless indifference, on the part of J.C. Penney in order to justify an award of punitive

damages against it. Such intent may be inferred by you from the nature of the acts committed

by J.C. Penney and from the facts and circumstances surrounding such acts.

**Authority:**

42 U.S.C. § 1981a(b)(1); *Perry v. Larson*, 794 F.2d 279 (7th Cir. 1986); *Kolstad v. American Dental Association,* 119 S.Ct. 2118, 2128 (1999); *United States v. H.M. Branson Distributing Co.,* 398 F.2d 929 (6th Cir. 1968); *Zilig v. Prentice-Hall, Inc.,* 515 F.Supp 716 (S.D.N.Y. 1981).

**Defendant's Objection to Plaintiff's Proposed Instruction No. 7:**

To the extent that punitive damages are to be submitted to the jury, J.C. Penney objects to Plaintiff's proposed instruction because it does not accurately set forth the burden of proof or the nature of the proof that is required for punitive damages.  Proof of intentional discrimination in and of itself is not sufficient to justify an award of punitive damages.  Plaintiff must prove actual malice or reckless indifference, and she must at a minimum establish that J.C. Penney "discriminate[d] in the face of a perceived risk that its actions [would] violate federal law …." *Kolstad v. American Dental Assoc.*, 527 U.S. 526, 536 (1999).

       8.      If you decide Ms. Kirby is entitled to an award of punitive damages, the amount

of such damages must be fixed by you. In doing so, you may consider any or all of the following

factors:

      a.      The character of J.C. Penney's act.

      b.      The nature and extent of harm to Ms. Kirby that J.C. Penney caused or intended to cause. (In this regard, you may include the Ms. Kirby's trouble and expense in seeking to protect her interests in legal proceedings and in her suit), and

      c.      The wealth of J.C. Penney insofar as it is relevant in fixing an amount that will punish it and deter it and others from like conduct in the future.

**Authority:**

*Alexander v. Riga,* 208 F.3d 419,430-432 (3d Cir. 2000); *Hennessy v. Penril DataComm Networks,* 69 F.3d 1344 (7th Cir. 1995); *Edwards v. Jewish Hospital*, 855 F.2d 1345, 1352 (8th

Cir. 1988); *Hicks v. Brown Group Inc.,* 902 F.2d 630, 653 (8th Cir. 1990); *Goodwin v. Circuit Court,* 729 F.2d 541, 542-43 (8th Cir. 1984).

## Defendant's Objection to Plaintiff's Proposed Instruction No. 8:

To the extent that punitive damages are to be submitted to the jury, J.C. Penney objects to Plaintiff's proposed instruction because it does not accurately state the law.  The purposes of punitive damages are to punish a defendant or to deter it or others from engaging in such conduct. *See, e.g., Kolstad v. American Dental Assoc.*, 527 U.S. 526, 536 (1999), Model Jury Instruction § 5.4.2. The nature and extent of any supposed harm to Ms. Kirby is irrelevant as to punitive damages as is the "trouble and expense" she incurred in seeking to protect her legal interests in this action.  *Cf. Collins v. Alco Parking Corp.*, 448 F.3d 652 (3d Cir. 2006).

9.      You may award punitive damages if you find either that J.C. Penney's management actually derived satisfaction from hurting Ms. Kirby, <u>or</u> if J.C. Penney's management, while not having any particular desire to hurt Ms. Kirby, trampled on Ms. Kirby's  rights in a fashion that fairly can be called reckless.

## Authority:

*Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625(1983); *Keenan v. City of Philadelphia,* 983 F.2d 459, 471 (3d Cir. 1992); *Soderbeck v. Burnett County,* 752 F.2d 285,289 (7th Cir. 1985) *cert denied,* 471 U.S. 1117 (1985); *Kolstad v. American Dental Association,* 119 S.Ct. 2118, 2126(1999).

## Defendant's Objection to Plaintiff's Proposed Instruction No. 9:

To the extent that punitive damages are to be submitted to the jury, J.C. Penney objects to Plaintiff's proposed instruction because it is irrelevant and prejudicial.  The correct instruction is adequately and correctly captured with Model Jury Instruction § 5.4.2 ("An award of punitive damages is permissible … only if you find … that a management official of [Defendant] personally acted with malice or reckless indifference to [Plaintiff's] federally protected rights."). *See Kolstad v. American Dental Assoc.*, 527 U.S. 526 (1999).

10.      There is no requirement that Ms. Kirby show a pattern of wrongdoing for punitive

 damages to be awarded; a single act, which is either malicious or recklessly indifferent to Kirby's

federally protected rights will suffice.

**Authority:**

*Kolstad v. American Dental Association,* 119 S.Ct. 2118, 2125-26(1999); *Rowlett v. Anheuser-Busch*, 832 F.2d 194,206 (1st Cir. 1987).

**Defendant's Objection to Plaintiff's Proposed Instruction No. 10:**

To the extent that punitive damages are to be submitted to the jury, J.C. Penney objects to Plaintiff's proposed instruction because it is irrelevant and prejudicial in that there is no contention that a pattern of wrongdoing is necessary for punitive damages.

Respectfully submitted,

**OGG, CORDES, MURPHY & IGNELZI**

/S/ Christine T. Elzer
Samuel J. Cordes
Christine T. Elzer

Pa. I.D. No. 54874 (Cordes)
Pa. I.D. No. 208157 (Elzer)

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500

Attorneys for Plaintiff

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2009 I served a copy of **Plaintiff's**

**Proposed Jury Instructions** via electronic mail upon the following:


Gregory M. Bair
J.C. Penney Corporation
6501 Legacy Drive
Plano, TX 75024



/S/ Christine T. Elzer
Christine T. Elzer