IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY KATHLEEN KIRBY, | Civil Action |
| Plaintiff, | No. 08-1088 |
| vs. | Judge McVerry |
| J.C. PENNEY CORPORATION, INC. | |
| Defendant. | Jury Trial Demanded |

## JOINT PROPOSED JURY INSTRUCTIONS

The parties, by undersigned counsel, file the following Joint Proposed Jury Instructions.

**Joint Proposed Instruction No. 1: Introductory Instruction**

Mary Kathleen Kirby has brought suit under Title VII of the Civil Rights Act of 1964; Section 1981 of the Civil Rights Act of 1866; and the Pennsylvania Human Relations Act alleging Defendant J.C. Penney Corporation discriminated against her because of her race when it fired her.

The Civil Rights laws prohibit *all* racial discrimination in employment, and are not limited to discrimination against racial minorities. Thus, employers are prohibited from discriminating against White individuals the same way they are prohibited from discriminating against non-Whites.

**Authority:**

42 U.S.C. §2000e-2(a)(1); 42 U.S.C. § 1981; 43 Pa. Stat. § 955(a); *Iadimarco v. Runyon*, 190 F.3d 151, 158 (3d Cir. 1999), *citing McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 283 (1976).

**Joint Proposed Instruction No. 2: Effect of Instructions as to Damages**

If, after consideration of the evidence, you find that JC Penney discriminated against Ms. Kirby based on her race, then you must determine what damages she is to be awarded. The fact that I will instruct you as to the proper measures of damages should not be considered as a suggestion

that you should find in favor of Ms. Kirby.  If you find in favor of JC Penney, you will not need to consider damages.  Instructions as to damages are given for your guidance in the event that you find in favor of Ms. Kirby from a preponderance of the evidence in accordance with the other instructions given to you previously.

**Authority:**

4 L. Sand et al., *Modern Jury Instructions*, Instruction No. 77.01 (modified).

**Joint Proposed Instruction No. 3: Punitive Damages**[1]

Ms. Kirby claims the acts of J.C. Peneny were done with malice or reckless indifference to her federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury, and so receives nominal rather than compensatory damages.

However, punitive damages cannot be imposed on an employer where its employees acted contrary to the employer's own good faith efforts to comply with the law by implementing policies and procedures designed to prevent unlawful discrimination in the workplace.

An award of punitive damages against J.C. Penney is therefore permissible in this case only if you find by a preponderance of the evidence that a management official of J.C. Penney personally

---

[1] J.C. Penney reserves the right to argue that there is no basis for submitting punitive damages to the jury based on the evidence at trial.

acted with malice or reckless indifference to Ms. Kirby's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

But even if you make a finding that there has been an act of discrimination with malice or reckless disregard of Ms. Kirby's federal rights, you cannot award punitive damages if J.C. Penney proves by a preponderance of the evidence that it made a good-faith attempt to comply with the law, by adopting policies and procedures designed to prevent unlawful discrimination such as that suffered by Ms. Kirby.[2]

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, and that J.C. Penney has not proved that it made a good-faith attempt to comply with the law, then you may decide to award punitive damages, or you may decide not to award them.  I will now discuss some considerations that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages.  The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both.  Thus, you may consider whether to award punitive damages to punish J.C. Penney.  You should also consider whether actual damages standing alone are sufficient to deter or prevent J.C. Penney from again

---

[2] Kirby reserves the right to object to this paragraph if the evidence at trial shows Defendant did not make a good faith attempt to comply with the law by adopting policies and procedures designed to prevent discrimination such as that suffered by Ms. Kirby.

3

performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those J.C. Penney may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which J.C. Penney should be punished for its wrongful conduct, and the degree to which an award of one sum or another will deter J.C. Penney or others from committing similar wrongful acts in the future.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources. Therefore, if you find that punitive damages should be awarded against J.C. Penney, you may consider the financial resources of J.C. Penney in fixing the amount of those damages.

**Authority:**

3d Cir. Model Jury Instrcutions, 5.4.2.

|  |  |
|---|---|
|  | Respectfully submitted, |
| /S/ Gregory M. Bair | /S/ Christine T. Elzer |
| Gregory M. Bair (admitted pro hac vice) | Samuel J. Cordes |
| Texas I.D. No. 24012232 | Christine T. Elzer |
| J.C. Penney Corporation | Pa. I.D. No. 54874 (Cordes) |
| 6501 Legacy Drive | Pa. I.D. No. 208157 (Elzer) |
| Plano, TX 75024-3698 |  |
| (972) 431-5353 | Ogg, Cordes, Murphy & Ignelzi |
|  | 245 Fort Pitt Boulevard |
|  | Pittsburgh, PA 15222 |
|  | (412) 471-8500 |
| /S/ Martin J. Saunders |  |
| Martin J. Saunders | Attorneys for Plaintiff |
| Pa. I.D. No. 19940 |  |
| Jackson Lewis |  |
| One PPG Place, 28th Floor |  |
| Pittsburgh, PA 15222 |  |
| (412) 232-0404 |  |
| Attorneys for Defendant |  |