IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY KATHLEEN KIRBY** | **CIVIL ACTION** |
| **Plaintiff,** | **NO. 08-1088** |
| v. | **JUDGE MCVERRY** |
| **J. C. PENNEY CORPORATION, INC.,** | |
| **Defendant.** | |

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

COMES NOW Defendant J. C. Penney Corporation, Inc. and files these Defendant's Proposed Jury Instructions in accordance with the Court's pretrial order.

### PRELIMINARY INSTRUCTIONS

In this case the Plaintiff, Mary Kathleen Kirby, makes a claim under a Federal Civil Rights statute that prohibits employers from discriminating against an employee in the tersm and conditions of employment because of the employee's race, color, religion, sex, or national origin. More specifically, Ms. Kirby claims that she was terminated by JCPenney, JCPenney, because of Ms. Kirby's race and that she would not have been fired if her race was other than Caucasion. JCPenney denies that Kirby was discriminated against in any way and asserts that she was terminated for her involvement in ongoing problems with a coworker, which ultimately culminated in an altercation with that coworker. It is your responsibility to decide whether the Planitiff has proven her claims against JCPenney by a preponderance of the evidence.

I will now instruct you more fully on the issues you must address in this case.

**Authority:** 3d Cir. Model Jury Instrcutions, 5.0.

**Plaintiff's Objections to JCPenney's Proposed Preliminary Instructions**

Plaintiff objects to the phrase, "and that she would not have been fired if her race was other than Caucasian," as Plaintiff does not have the burden of proving she would not have been fired if her race was other than Caucasian.

Plaintiff further objects to the phrase, "and asserts that she was terminated for her involvement in ongoing problems with a coworker, which ultimately culminated in an altercation with that coworker" because it is not a neutral statement of the law or facts.

### ELEMENTS OF A DISCRIMINATION CLAIM

In this case, Ms. Kirby is alleging that JCPenney intentionally discriminated agasitn her by terminating her employment based on her race. In order for Ms. Kirby to recover on this discrimination claim against JCPenney, Ms. Kirby must prove that JCPenney intentionally discriminated against her. This means that Ms. Kirby must prove that her race was a motivating factor in JCPenney's decision to terminate Ms. Kirby.

To prevail on this calim, Ms. Kirby must prove both of the following by a preponderence of the evidence:

First:   JCPenney  terminated Ms. Kirby ; and

Second:  Ms. Kirby's race was a determinative factor in JCPenney's decision.

Although Ms. Kirby must prove that JCPenney acted with the intent to discriminate, Ms. Kirby is not reuiqred to prove that JCPenney acted with the particular intent to violate Ms. Kirby's federal civil rights.

If you find that JCPenney's treatment of Ms. Kirby was motivated by both discriminatory and lawful reasons, you must decide whether Ms. Kirby is entitled to damages. Ms. Kirby is not entitled to damages if JCPenney proves by a preponderance of the evidence that JCPenney would have treated Platiniff the same even if the Plaitniff's race had played no role in the employment decision.

**Authority:** 3d Cir. Model Jury Instrcutions, 5.1.1.

**Plaintiff's Objections to JCPenney's Proposed Instruction on Elements of a Discrimination Claim**

Plaintiff objects to all references to "determinative" factor.  The standard is "motivating factor," as referenced earlier in this same instruction.  *See* 42 U.S.C. §2000e-2(m)("an unlawful employment practice is established when the complaining party demonstrates that race ... was a ***motivating factor*** for any employment practice, even though other factors also motivated the practice")(emphasis added); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003); *Makky v. Chertoff*, 541 F.3d 205, 214  (3d Cir. 2008); *Doe v. C.A.R.S Protection Plus, Inc.*, 527 F.3d 358, 364 (3d Cir. 2008).

 Under even the most restrictive reading of the authority Defendant cites in support of its claim that "determinative factor" is the correct standard, "motivating factor" applies here because Ms. Kirby has presented direct evidence of discrimination.  "In order to obtain an instruction under § 2000e-2(m), a plaintiff need only present evidence for a reasonable jury to conclude, by a preponderance of the evidence, that race .... was a motivating factor for any employment practice."*Costa*, 539 U.S. at 101; *Makky*, 541 F.3d at 214.

Moreover, Defendant's instruction includes the "same decision" defense, which clearly only applies when the plaintiff proves her race was a *motivating* factor.  *See* 42 U.S.C. § 2000-e(5)(g)(2)(B)("on a claim in which an individual proves a violation under ***Section 2000e-2(m)*** of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible ***motivating factor***, the court may grant declaratory relief....")(emphasis added).

## CREDIBILITY OF WITNESSES

As members of the jury, you are the sole judges of the facts.  You pass upon the evidence.  You determine the credibility of witnesses.  You resolve any conflicts there may be in the testimony.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider the witness' intelligence, the opportunity the witness had to see or hear the things testified about, the witness' memory, any motives that the witness may have for testifying a certain way, the manner of the witness while

testifying, whether the witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, please also keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider, therefore, whether a contradiction was an innocent misrecollection or lapse of memory, or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**Authority:** 3d Cir. Model Jury Instruction 1.7 (modified); 3 L. Sand et .al., *Modern Federal Jury Instructions*, Instruction No. 71-3.

**Plaintiff's Objections to JCPenney's Proposed Instruction on Credibility of a Witness**

Plaintiff objects because the Court's Trial Scheduling Order only requires *substantive* jury instructions regarding the parties' claims and defenses. [Doc. 25 ¶7]. Plaintiff therefore will not agree to make this instruction joint, but has no particular objection to any of the language therein.

## IMPEACHING WITNESSES

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some time, the witness had said or done something which was inconsistent with the witness' present testimony. A witness may also be discredited by evidence that the witness had been convicted of a crime, engaged in misconduct, or stands to benefit personally from the outcome of the case and/or from any other evidence showing that his or her credibility is questionable.

If you believe any witness has been impeached and thus discredited, it is your exclusive right to give the testimony of that witness such weight as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to partially disregard such witness' testimony or you may choose to reject all the testimony of that witness.

An act or omission is "knowingly" done, if it is voluntary and intentional, and not because of mistake or accident or other innocent reason.

**Authority:**  3 Devitt et al., *Federal Jury Practice and Instruction* §73.04 and 73.05 (4th ed. 1987) (Modified).

**Plaintiff's Objections to JCPenney's Proposed Instruction on Impeaching a Witness**

Plaintiff objects because the Court's Trial Scheduling Order only requires *substantive* jury instructions regarding the parties' claims and defenses. [Doc. 25 ¶7].  Plaintiff therefore will not agree to make this instruction joint, but has no particular objection to any of the language therein.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Do not be concerned with whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that is presented to you.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**Authority:**  3d Cir. Model Jury Instruction 1.6.

**Plaintiff's Objections to JCPenney's Proposed Instruction on Direct and Circumstantial Evidence**

Plaintiff objects because the Court's Trial Scheduling Order only requires *substantive* jury instructions regarding the parties' claims and defenses. [Doc. 25 ¶7].  Plaintiff therefore will not agree to make this instruction joint, but has no particular objection to any of the language therein.

## DEPOSITION TESTIMONY

Certain testimony will now be presented to you through a deposition.  A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness'

testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read (or shown) to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

**Authority:**   Pattern Civ. Jury Instr., 5th Cir., § 2.23.

**Plaintiff's Objections to JCPenney's Proposed Instruction on Deposition Testimony**

Plaintiff objects because the Court's Trial Scheduling Order only requires *substantive* jury instructions regarding the parties' claims and defenses. [Doc. 25 ¶7]. Plaintiff therefore will not agree to make this instruction joint, but has no particular objection to any of the language therein.

## SYMPATHY OR BIAS

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion.

Ms. Kirby is entitled to a fair consideration of her claims and JCPenney is entitled to a fair consideration of its defenses. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar positions in life.

A company is nothing more than a group of people. It is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, stand equal before the law, and are to be treated as equals.

**Authority:** *Kerr v. City of Chicago*, 424 F.2d 1134, 1138-39 (7th Cir.), *cert. denied*, 400 U.S. 833 (1970); O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions* (5th Ed.) § 103.12 (2000); 4 L. Sand et al., *Modern Jury Instructions*, Instruction Nos. 71.01 and 72.01 (modified);

**Plaintiff's Objections to JCPenney's Proposed Instruction on Sympathy or Bias**

Plaintiff objects because this is not a substantive jury instruction, and further objects to the sentence "a company is nothing more than a group of people," because this is incorrect as a matter of law, and also is not neutral.

### INTEREST IN OUTCOME

When evaluating the credibility of witnesses, you should also take into account any evidence that the witness stands to benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that is in his or her own interests. Therefore, if you find that any witness may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

**Authority:**   3 L. Sand, et al. *Modern Federal Jury Instructions*, Instruction 7-3.
**Plaintiff's Objections to JCPenney's Proposed Instruction on Interest in Outcome**

Plaintiff objects because this is not a substantive jury instruction. Also, if this instruction is given, Plaintiff would like jury to be instructed: "An employee of a party may also have an interest in the outcome of a case."

## **BURDEN OF PROOF**

In this case, Ms. Kirby must prove every element of each of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof."

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence simply means to prove that the fact is more likely true than not true. That is, you believe that the fact exists because the evidence in favor of the fact outweighs the evidence opposed to it. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, and all of the exhibits received in evidence. In other words, Ms. Kirby has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Ms. Kirby and the evidence favorable to JCPenney on opposite sides of the scales, Ms. Kirby would have to make the scales tip somewhat on her side. If Ms. Kirby fails to meet this burden, the verdict must be for JCPenney.

Ms. Kirby cannot "almost" prove her claims. She must prove every element of each claim of discrimination by a preponderance of the evidence. If you find that the evidence on an issue is evenly divided between the parties—that it is just as likely that one side is right as it is that the other side is right—then you must decide that issue against Ms. Kirby and in favor of JCPenney. If you conclude that Ms. Kirby has failed to establish any part of any of her claims by a preponderance of the evidence, you must decide against him as to those claims. You must do so regardless of any feeling you may have about an issue.

**Authority:** *Ostrowski v. Atlantic Mutual Insurance Companies*, 968 F.2d 171 (2d Cir. 1992); *Merzon v. County of Suffolk*, 767 F. Supp. 432 (E.D.N.Y. 1991); 3 Devitt et al., Federal Jury Practice and Instructions §72.01 (4th ed. 1987) (Modified); 3d Cir. Model Jury Instruction 1.10;

Eleventh Circuit Pattern Jury Instruction 6.1 (1990); Mathes, *Jury Instruction and Forms*, 28 F.R.D. 401 §2.01 (1961);

**Plaintiff's Objections to JCPenney's Proposed Instruction on Deposition Testimony**

Plaintiff objects because the Court's Trial Scheduling Order only requires *substantive* jury instructions regarding the parties' claims and defenses. [Doc. 25 ¶7]. Plaintiff therefore will not agree to make this instruction joint, but has no particular objection to any of the language therein.

## LEGITIMATE, NONDISCRIMINATORY REASONS

If you find that Ms. Kirby has proven facts which establish the initial phases of each of her claims, your inquiry and role does not end. As the second step, you must then consider whether JCPenney has presented any legitimate, non-discriminatory reasons for their actions. JCPenney's burden at this stage of the case is relatively light. It is satisfied if JCPenney merely states any legitimate reasons for Ms. Kirby's termination. JCPenney needs not even prove that the stated reasons actually caused Ms. Kirby's termination. JCPenney also does not have to prove to you that they made the best possible decisions or even that their decisions were correct.

An employer has the right to make business decisions, including the right to terminate an employee for a bad reason, good reason, or no reason at all, absent intentional discrimination. The fact that you may disagree with JCPenney's reasons for its decision concerning Ms. Kirby's employment is not sufficient reason to disregard them or discredit them. You should not find that the decisions were unlawful just because you may disagree with the stated reasons or because you believe the decisions were harsh or unreasonable. Harsh treatment is not unlawful.

**Authority:** *Yost v. Western Pennsylvania-West Virginia Synod of the Lutheran Church in America, Inc.*, 789 F. Supp. 191 (W.D. Pa. 1992); *Keller v. Orix Credit Alliance, Inc.,* 130 F.3d 1101 (3d Cir. 1997) (en banc); *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997); *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 412 (1993); *Billet v. CIGNA Corp.*, 940 F.2d 812, 825 (3d Cir. 1991); *Healy v. New York Life Ins. Co.*, 860 F.2d 1209, 1220 (3d Cir. 1988); *Donohue v. Custom Management Corp.*, 634

F. Supp. 1190, 1196 (W.D. Pa. 1986); 5 L. Sand, *et al.,* Modern Federal Jury Instructions, Instructions 88A-7 and 88A-8 (modified). 88-20,22.

**Plaintiff's Objections to JCPenney's Proposed Instruction on Legitimate, Non-Discriminatory Reasons**

Plaintiff objects to this instruction in its entirety because there is no need to instruct the jury on the *McDonnell Douglas* framework, where, as here, the Plaintiff does not dispute that Defendant has articulated a legitimate, non-discriminatory reason. *See Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 348 n. 1 (3d Cir. 1999)("The short of it is that judges should remember that their audience is composed of jurors and not law students. Instructions that explain the subtleties of the *McDonnell Douglas* framework are generally inappropriate when jurors are being asked to determine whether intentional discrimination has occurred").

Plaintiff also objects to instructing the jury on the at-will employment relationship. *See Gagliardo v. Connaught Laboratories, Inc.*, 311 F.3d 565, 572 (3d Cir. 2002); *Pivirotto,* 191 F.3d at 350 n. 2.

Plaintiff additionally objects to the sentence, "Harsh treatment is not unlawful" because treatment can be both harsh *and* unlawful. Should the Court decide to instruct the jury on this issue, Plaintiff would prefer "treatment is not unlawful merely because you believe it to be harsh."

**PRETEXT**

If you conclude that JCPenney had stated non-discriminatory reasons for Ms. Kirby's termination, you should move on to the third step. This step requires you to consider whether Ms. Kirby has proven that JCPenney's reasons for the termination were false and that JCPenney actually terminated Ms. Kirby because of her race. If Ms. Kirby cannot establish any of her initial burdens, or if Ms. Kirby cannot prove that JCPenney's reason for her termination was a pretext for unlawful discrimination, you must find for JCPenney.

In this case, JCPenney has offered evidence of a legitimate, non-discriminatory reason for the termination of Ms. Kirby's employment. Specifically, they explained that Ms. Kirby was discharged because of ongoing problems with a coworker, which ultimately culminated in an altercation with that coworker. If you disbelieve JCPenney's explanations for its conduct, then

you may, but need not, find that Ms. Kirby has proved intentional discrimination.  In determining whether JCPenney's stated reason for its actions was a pretext, or excuse, for discrimination, you may not question JCPenney's business judgement.  You cannot find itnnetional discrimination simply because you disagree with the business judgment of JCPenney or believe it is harsh or unreasonable.  You are not to consider JCPenney's wisdom.  However, you may consider whether JCPenney's reason is merely a cover-up for discrimination.

If you find that Ms. Kirby established the initial burdens referred to before, and you believed Defendnat's explanation for its action relating to Ms. Kirby, you cannot conclude that JCPenney discriminated against Ms. Kirby based upon her race.

At all times, the burden of proof is on Ms. Kirby to show that her race played a role in the employer's decision making process and that it had a determinative effect on the outcome of the process. Ultimately, you must decide wehther Ms. Kirby has proven that her race was a determinative factor in JCPenney's decision.  "Determinative factor" means that if not for Ms. Kirby's race, the termination would not have occurred.  You must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of JCPenney even though you personally may not approve of the action and would have acted differently under the circumstances.

**Authority:**  3d Cir. Model Jury Instrcutions, 5.1.2; *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 512 (1993); *Smith v. Borough of Wilkinsburg,* 147 F.3d 272, 280 (3d Cir. 1998); *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir.  1997); *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir.  1994); *Jalil v. Avdel Corp.*, 873 F.2d 701, 706 (3d Cir.  1989); 5 L. Sand, et al., *Modern Federal Jury Instructions*, Instructions 88A-20. (modified)

**Plaintiff's Objections to JCPenney's Proposed Instruction on Pretext**

Plaintiff objects to this instruction in its entirety because there is no need to instruct the jury on the *McDonnell Douglas* framework, where, as here, the Plaintiff does not dispute that Defendant has articulated a legitimate, non-discriminatory reason. *See Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 348 n. 1 (3d Cir. 1999)("The short of it is that judges should remember that their

audience is composed of jurors and not law students.  Instructions that explain the subtleties of the *McDonnell Douglas* framework are generally inappropriate when jurors are being asked to determine whether intentional discrimination has occurred").

Plaintiff also objects to instructing the jury on the at-will employment relationship.  *See Gagliardo v. Connaught Laboratories, Inc.*, 311 F.3d 565, 572 (3d Cir. 2002); *Pivirotto,* 191 F.3d at 350 n. 2.

Plaintiff additionally objects to the sentence, "Harsh treatment is not unlawful" because treatment can be both harsh *and* unlawful.  Should the Court decide to instruct the jury on this issue, Plaintiff would prefer "treatment is not unlawful merely because you believe it to be harsh."

## BUSINESS JUDGMENT

You may not return a verdict for Ms. Kirby simply because you or Ms. Kirby might disagree with JCPenney's decisions or believe that the decisions were too harsh or unreasonable.  In fact, you cannot second guess JCPenney's business decisions.  An employer is entitled to make its own business judgments and take adverse action against an employee so long as those decisions are not motivated by unlawful discrimination.

The issue is not whether JCPenney made the best, or even a sound, business decision; it is whether the real reason for the decision was discrimination because of Ms. Kirby's race.

**Authority:**  *Yost v. Western Pennsylvania-West Virginia Synod of the Lutheran Church in America, Inc.*, 789 F. Supp. 191 (W.D. Pa. 1992); *Keller v. Orix Credit Alliance, Inc.,* 130 F.3d 1101 (3d Cir. 1997) (en banc); *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997); *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994);  Model Civ. Jury Instr., 8th Cir. (1998), § 5.94; *Billet v. Cigna Corp.*, 940 F.2d 812, 825, 828 (3d Cir. 1991); *Walker v. AT & T Technologies*, 995 F.2d 846 (8th Cir. 1993) (reversible error not to give business judgment instruction); *Scamardo v. Scott County*, 80 FEP Cases 1140 (8th Cir. 1999).

**Plaintiff's Objections to JCPenney's Proposed Instruction on Business Judgment**

Plaintiff objects to this instruction unless it appears in conjunction with Plaintiff's Proposed Instruction No. 5, as explained above.  Plaintiff also objects to the "business judgment" rule being mentioned *three times* ("Business Judgment;" "Pretext;" and "Legitimate, Nondiscriminatory Reasons").

## MITIGATION OF DAMAGES

**DEFENDANT'S PRPOSED JURY INSTRUCTIONS** – Page 12 of 20

You are also instructed that Ms. Kirby has a duty under the law to "mitigate" her economic damages—that is, she has a responsibility to exercise reasonable efforts to seek and obtain substantially equivalent employment.  Ms. Kirby must take reasonable steps to search for employment which is comparable to the jobs she held.  If you find that Ms. Kirby failed to seek out, or adequately take advantage of, substantially equivalent opportunities that were available to her, then you must reduce her damages by the amount she reasonably could have earned if he had sought out or taken advantage of such opportunities.

The burden is on JCPenney to prove, by a preponderance of the evidence, that substantially equivalent employment was available and that Ms. Kirby did not exercise reasonable efforts to obtain it.  Substantially equivalent employment means employment which affords similar promotional opportunities, compensation, job responsibilities, working conditions, and status as Ms. Kirby had with JCPenney before his separation of employment.

**Authority:**  *Model Div.  Jury Instr.*, 8th Cir., § 5.02 (1998); *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982); *Tubari Ltd., Inc. v. NLRB* 959 F.2d 451 (3d Cir.  1992); *Booker v. Taylor Milk Co.*  64 F. 3d 860, 866 (3rd Cir.  1995); *Sellers v. Delgado College*, 901 F.2d 1189 (5th Cir. 1990); *Hansard v, Pepsi Cola Metropolitan Bottling Co.*, 865 F.2d 1461 (5th Cir.  1989).

**Plaintiff's Objections to JCPenney's Proposed Instruction on Mitigation of Damages**

Plaintiff objects to this instruction because back pay and mitigation are issues to be decided by the Court. *See Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 315 (3d Cir. 2006); *Dixon v. Don Allen Auto City*, 07-1060, 2009 WL 56041 (W.D. Pa. Jan 7, 2009)(Fischer, J.);  *Smith v. Normandy Properties, LLC*, 07-351, 2008 WL 4443827 at *1 (W.D. Pa. Sept. 26, 2008)(Ambrose, C.J.); Plaintiff's Motion in Limine to Preclude Evidence of Lost Wages or Mitigation to the Jury.

## REMOVAL FROM WORKFORCE

As instructed, Ms. Kirby must make every reasonable effort to minimize or reduce her monetary damages by seeking replacement employment.  You are further instructed that Ms.

**DEFENDANT'S PRPOSED JURY INSTRUCTIONS –** Page 13 of 20

Kirby is not entitled to any back pay damages during any periods of time that she voluntarily removed himself from the workforce. This includes the time that Ms. Kirby may have spent attending school or pursuing endeavors other than engaging in comparable work. For example, if Ms. Kirby chose to attend college or any other school on a regular basis and not be employed full time and/or sought opportunities in an unrelated field, he would not be entitled to back pay during that period. Therefore, if you decide that Ms. Kirby was not an active member of the workforce during any periods when she was enrolled in any form of schooling or training for or pursuing another career, she is not entitled to an award of damages for those times.

**Authority:** *Ford Motor Company v. EEOC*, 485 U.S. 219 (1982); *Carden v. Westinghouse Electric Corp.*, 850 F.2d 996, 1005 n.9 (3rd Cir., 1988) ("when an employee opts to attend school, curtailing present earning capacity in order to reap greater future earnings, a back pay award for the period while attending school also would be like receiving a double benefit"); *Floca v. Home Care Health Services*, 845 F.2d 108 (5th Cir. 1988); *Blackburn v. Metric Constructors, Inc.*, 982 F.2d 125, 129 (4th Cir. 1992); *Brady v. Thurston Motor Lines, Inc.*, 753 F.2d 1269, 1274, 1276, 1278-1279 (4th Cir. 1985); *Sellers v. Delgado*, 901 F.2d 1189, 1194 (5th Cir.); *Walters v. City of Atlanta*, 803 F.2d 1135 (11th Cir. 1986); *Nord v. U.S. Steel Corp.*, 758 F.2d 1462 (11th Cir. 1985); *Booker v. Taylor Milk Co.*, 64 F. 3d 860, 866 (3rd Cir. 1995); *Hansard v, Pepsi Cola Metropolitan Bottling Co.*, 865 F.2d 1461 (5th Cir. 1989); *Taylor v. Central Penn. Drug and Alcohol Services Corp.*, 890 F. Supp. 360 (M.D. Pa. 1995).

**Plaintiff's Objections to JCPenney's Proposed Instruction on Removal from the Workforce**

Plaintiff objects to this instruction for the same reasons described above. *See Spencer*, 469 F.3d at 315. Further, this instruction is not warranted by the evidence, as a reasonable jury could not find Ms. Kirby removed herself from the workforce at any time since her discharge.

# **DAMAGES -BACK PAY[1]**

If you find that JCPenney intentionally discriminated against Ms. Kirby based on her race, then you must determine the amount of damages that JCPenney's actions have caused her. Ms. Kirby has the burden of proving damages by a preponderance o the evidence. You may award as actual damages an amount that reasonbly compensates Ms. Kirby for any lost wages and benefits. You are reminded that conduct of JCPenney that does not cause harm to Ms. Kirby does not entitle her to damages. Similarly, harm to Ms. Kirby which is not the result of JCPenney's conduct does not entitle Ms. Kirby to damages.

If you find that JCPenney discriminated against Ms. Kirby you may award her reasonable compensation as follows. Ms. Kirby would be entitled to the back pay she would have received if JCPenney had not terminated her. This amount would consist of the wages and benefits Ms. Kirby would have received from the date of the termination to the date of trial. From this amount, you must reduce any award by the amount of the expenses that Planitiff would have incurred in making those earnigns. the total amounts Ms. Kirby has earned from other sources during the same period, in wages, benefits, earnings or other income. In addition, you should subtract any amount that Ms. Kirby could have earned during this period if JCPenney prove that Ms. Kirby failed to make reasonable efforts to find work.

You may not award economic damages based simply on speculation or guesswork. Any award must fairly compensate Ms. Kirby for her injury but must have a basis in the evidence and be reasonable in the light of that evidence. A party seeking damages must prove the nature, extent, duration and consequences of her injury.

---

[1] This Instruction is offered in the event that the Court asks the jury to consider the issue of back pay in an advisory capacity. JCPenney acknowledges that back pay is an equitable remedy and that Plaintiff is not entitled to a jury trial on a claim for back pay. 42 U.S.C. § 1981 (b)(2); 42 U.S.C. §§ 2000e5(g), 2000e-5(g)(1).

**Authority:** Devitt, Blackmar & Wolff, *Fed. Jury Prac. & Instr.*, § 104.06; *Tubari Ltd., Inc. v. NLRB*, 959 F.2d 451 (3d Cir. 1992); *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834 (3d Cir. 1977); *cert. denied*, 434 U.S. 1022 (1978), *rev'd on other grounds*, 584 F.2d 1231 (3d Cir. 1978); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 460 (1975); *Ostapowicz v. Johnson*, 541 F.2d 394, 401 (3d Cir. 1976), cert. denied 429 U.S. 1041 (1977); *Fiedler v. Indianahead Truck Line, Inc.*, 670 F.2d 806, 808 (8th Cir. 1982); *Sir Speedy, Inc. v. L&P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir. 1992).

**Plaintiff's Objections to JCPenney's Proposed Instruction on Damages-Back Pay**

Plaintiff objects to the instruction on back pay for the reasons stated in her Motion in Limine to Preclude Evidence of Lost Wages or Mitigation to the Jury. Plaintiff also objects to the use of an advisory jury on the issue of back pay. The use of an advisory jury will not serve any substantial interest and will waste time, because even when an advisory jury is used, the Court still must "find the facts specially and state its conclusions of law specially." Fed. R. Civ. P. 52(a); *Giles v. Kearney*, 571 F.3d 318, 325 n. 3 (3d Cir. 2009). See also *West v. Narbors Drilling USA*, 330 F.3d 379, 394-95 (5th Cir. 2003)("[b]ecause back pay is an equitable remedy, the district court need not empanel an advisory jury but can decide the back pay issue itself absent the parties' agreement to the correct amount").

# FRONT PAY[2]

If the Court concludes that the award of front pay is appropriate, then you will decide the amount that should be awarded to Ms. Kirby. Front pay refers to future lost earnings and is designed to compensate Ms. Kirby for earnings he would have received from JCPenney from the present time into the future, minus amounts he will or is reasonably able to earn.

Ms. Kirby must also mitigate her front pay damages. She may not sit idly by and be compensated for doing nothing. Additionally, Ms. Kirby's failure to mitigate her damages will reduce or eliminate her entitlement to front pay.

**Authority:** *Goss v. Exxon Office Systems Co.*, 747 F.2d 885, 890 (3d Cir. 1984); *Hansard v. Pepsi Cola Metropolitan Bottling Co.*, 865 F.2d 1461 (5th Cir. 1989); *Sellers v. Delgado College*, 901 F.2d 1189 (5th Cir. 1990); *Davis v. Combustion Engineering*, Inc., 742 F.2d 916 (6th Cir. 1984); *Marinelli v. City of Erie*, 25 F. Supp.2d 674, 680 (W.D. Pa. 1998); *Samuels v. Albert Einstein Medical Center*, 1998 WL 690107 (E.D. Pa. 1998).

---

[2] This Instruction and the next two instructions "Front Pay (Short Term)" and "Front Pay Considerations" are offered in the event that the Court asks the jury to consider the issue of back pay in an advisory capacity. JCPenney acknowledges that back pay is an equitable remedy and that Plaintiff is not entitled to a jury trial on a claim for back pay. 42 U.S.C. § 1981 (b)(2); 42 U.S.C. §§ 2000e5(g), 2000e-5(g)(1).

**Plaintiff's Objections to JCPenney's Proposed Instruction on Front Pay**

Plaintiff objects to this instruction and objects to the use of an advisory jury for the reasons explained above.

## FRONT PAY (SHORT-TERM)

I further charge you that front pay is to be used as a short-term alternative. Because front pay is a short-term alternative, it is to be computed on the basis of a few months or one year. Front pay is only intended to last for a reasonable future period, until the victim of discrimination can re-establish a place in the workforce.

**Authority:** *Goss v. Exxon Office Systems Co.*, 747 F.2d 885, 890 (3d Cir. 1984)(four months of front pay awarded, longer period is too speculative); *Marinelli v. City of Erie*, 25 F. Supp.2d 674, 680 (W.D. Pa. 1998); *Varce v. Southern Bell Telephone & Telegraph* Co., 672 F. Supp. 1408, 1415 (M.D. Fla. 1987); *Francoer v. Corroon & Black Co.*, 552 F. Supp. 403 (S.D.N.Y. 1982) (front pay for one year in lieu of reinstatement).

**Plaintiff's Objections to JCPenney's Proposed Instruction on Front Pay (Short-Term)**

Plaintiff objects to this instruction and objects to the use of an advisory jury for the reasons explained above.

## FRONT PAY CONSIDERATIONS

In determining Ms. Kirby's' front pay award, you should consider:

(1) Ms. Kirby's future in her job;

(2) Ms. Kirby's work and life expectancy;

(3) Ms. Kirby's obligation to mitigate her damages; and

(4) The availability of comparable employment opportunities and the time reasonably necessary to find another job.

**Authority:** *Fite v. First Tenn. Prod. Credit Corp.*, 861 F.2d 884 (6th Cir. 1988); *Beshears v. Asbill v. Communication Services*, 930 F.2d 1348 (8th Cir. 1991); Conova v. NLRB, 708 F.2d 1498 (9th Cir. 1983); *Pearson v. Federal Express Corp.*, 1991 WL 1811 (C. Colo. 1991).

**Plaintiff's Objections to JCPenney's Proposed Instruction on Front Pay Considerations**

Plaintiff objects to this instruction and objects to the use of an advisory jury for the reasons explained above.

### FRINGE INSURANCE BENEFITS

With regard to fringe benefits, Plantiff is entitled to recover only the monetary damage which she suffered by losing those benefits. In other words, shs is limited in recovery to those expenses actually incurred by either replacement of the lost benefits or occurrence of the insured risk.

**Authority:** *McAleer v. McNally Pittsburgh Mfg. Co.,* 329 F.2d 273 (3d Cir. 1964); *Curtis v. Robern, Inc.,* 819 F. Supp. 451 (E.D. Pa. 1993); *Berndt v. Kaiser Aluminum & Chemical Sales, Inc.*, 604 F. Supp. 962 (E.D. Pa. 1985)*, aff'd* 789 F.2d 253 (3d Cir. 1986).

**Plaintiff's Objections to JCPenney's Proposed Instruction on Front Pay (Short-Term)**

Plaintiff objects to this instruction and objects to the use of an advisory jury for the reasons explained above.

### ATTORNEY'S FEES

A successful Ms. Kirby under the ADA or PHRA may recover reasonable attorney's fees and costs. The court will add the fees to the amount that you award to Ms. Kirby, if any. For that reason, I instruct you that, in the event you award damages to Ms. Kirby, you should not adjust the award based upon a concern that Ms. Kirby will be required to use some portion of that award to pay his attorney's fees.

**Authority:** *Wehr v. Burroughs Corp.,*619 F.2d 276, 283-84 (3d Cir. 1980).

**Plaintiff's Objections to JCPenney's Proposed Instruction on Attorney's Fees**

Plaintiff objects to an instruction on attorney's fees as prejudicial and unnecessary. "There is a great weight of authority ... establishing a general rule that it is error to instruct a jury as to treble

damages, attorneys fees, or other court-determined awards that might corrupt the jury's damage determination." United States v. Bombardier Transp., __F.R.D.__, 2009 WL 2475127 at *5 (W.D. Pa. Aug. 11, 2009)(Fischer, J.).

Dated:  October 19, 2009

                                      Respectfully submitted,

                            By:  /s/ Gregory M. Bair
                                Gregory M. Bair (admitted pro hac vice)
                                J. C. PENNEY LEGAL DEPARTMENT
                                6501 Legacy Drive
                                Plano, TX 75024-3698
                                Telephone: (972) 431-5353
                                Facsimile:  (972) 431-1133

                                Martin J. Saunders
                                PA ID # 19940
                                One PPG Place, 28th Floor
                                Pittsburgh, PA  15222-5414
                                Telephone:  (412) 232-0404
                                Facsimile:  (412) 232-3441

                                **Attorneys for J. C. Penney Corporation, Inc.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on October 19, 2009, a copy of the foregoing was served upon the plaintiff's counsel, listed below by email via the Court's electronic filing system:

Samuel J. Cordes
Christine T. Elzer
OGG, CORDES, MURPHY & IGNELZI, LLP
245 Fort Pitt Boulevard
Pittsburgh, PA 15222
scordes@ocmilaw.com
celzer@ocmilaw.com

                                                _/s/ Gregory M. Bair_____
                                                Gregory M. Bair