IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY KATHLEEN KIRBY, ) | |
| ) | |
| Plaintiff, ) | 2:08-cv-1088 |
| v. ) | |
| ) | |
| J.C. PENNEY CORPORATION, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court is PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF EEOC FINDINGS AND CORRESPONDENCE (Docket entry number 27), and the DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE (Doc. # 45).[1]  The motion is ripe for disposition.

**I.      STATEMENT OF THE CASE**

The following background is drawn from the pleadings of the mattter *sub judice*. Plaintiff brings the present action claiming discrimination due to her race when she was terminated by Defendant from her position as a Custom Decorator on or about May 10, 2007. *See, generally*, Amended Complaint, Doc. # 14.  On November 6, 2007, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination, a claim that was cross filed with the Pennsylvania Human Relations Commission

---

[1] On October 13, 2009, Plaintiff filed various pretrial motions in limine, as contained within the docket at docket entry numbers 27 - 31, seeking to either preclude or exclude specific pieces of evidence.  In response, on October 19, 2009, Defendant filed one brief in opposition to the motions.

("PHRA")[2]. *Id.* at ¶ 2. An investigation by the EEOC followed and on May 13, 2008, a notification was sent to Plaintiff informing her that the file related to her charge of discrimination was being closed and informing her of her right to sue her former employer. *See*, Doc. # 27 at Exhibit 1. A file was compiled by the EEOC in the course of conducting its investigation. Plaintiff now seeks the exclude a number of specifically identified documents contained within this file, to include the May 13, 2008, correspondence regarding the dismissal and notice of rights.

## II.     ANALYSIS

Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Federal Rule of Evidence 402 provides that "all relevant evidence is admissible." Fed.R.Evid. 402. The Court of Appeals for the Third Circuit has noted that "Rule 401 does not raise a high standard." *Hurley v. Atlantic City Police Department*, 174 F.3d 95, 109-10 (3d Cir. 1999)(*quoting in re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 782-83 (3d Cir. 1994)). Further, the Third Circuit has stated:

[a]s noted in the Advisory Committee's Note to Rule 401, "relevancy is not an inherent characteristic of any item of evidence, but exists only as a relation between an item of evidence and a matter properly provable in a case." Because the rule makes evidence relevant "if it has

---

[2] To bring a Title VII claim in federal court in Pennsylvania, a charge of employment discrimination claim must be filed within 300 days of the alleged unlawful act when the charge is dual-filed with the PHRC. 42 U.S.C. § 2000e-5(e)(1). A PHRA claim must be filed within 180 days of alleged discrimination. 43 Pa. Cons.Stat. Ann. § 959(a), (h). The EEOC and PHRC have a work-share arrangement under which a charge may be dual-filed with either agency, and each agency agrees to waive the right to initially review claims first filed with the other agency. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 925-26 (3d Cir.1997).

any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has no tendency to prove the fact." *Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992)(*quoting* Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure § 5166, at 74 n. 47 (1978)).

Under Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.  The Third Circuit has stated that "[t]he weight of the case law holds that Rule 403 may operate on an EEOC report, and that the decision of whether or not an EEOC Letter of Determination is more probative than prejudicial is within the discretion of the trial court and to be determined on a case by case basis." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1345 (3d Cir. 2002)(citations omitted); *see also Walton v. Eaton Corp.*, 563 F.2d 66, 85 (3d Cir. 1977).

Plaintiff objects to the introduction of the identified documents under Fed.R.Evid 403 arguing that the documents' slight (if any) probative value is outweighed by the danger of unfair prejudice and jury confusion.  The Court agrees with respect to the Dismissal and Notice of Rights as well as the correspondence from EEOC Investigator Carl Bartolomucci.  However, the Court does not agree with respect to the correspondence from Plaintiff's former counsel, Tiffany R. Wasowicz, to the EEOC dated February 14, 2008.

The probative value of the May 13, 2008 Dismissal and Notice of Rights is low and substantially outweighed by confusion and unfair prejudice.  At the outset, the Court notes that Plaintiff is not challenging the document as either untrustworthy or not a "public record" under

3

Rule 803(8)(C). As such, admissibility becomes a question under Rule 403. In so considering, the Court is required to balance the probative value and those factors that may substantially outweigh that value. Determinations as to 403 objections are made on a case-by-case basis. *Coleman*, 306 F.3d at 1345. In this case, there appears to be little probative value to the Dismissal and Notice of Rights. Simply stated, the form appears to be the standard EEOC form 161 (2/08 version), with the standard information identifying the Complainant (Plaintiff), counsel for the parties, and the EEOC charge number assigned by the Pittsburgh area EEOC office. *See*, Doc. # 27 at Exhibit 1. Beyond that, the report annotates the determination reached by the EEOC forming the basis for the decision to close its file. Specifically, an annotation indicated:

> The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any issues that might be construed as having been raised by the charge.

*Id.* The Court fails to see how what is essentially a non-decision on the part of the EEOC demonstrates any tendency to make the existence of a fact of consequence to the determination of this action more or less probable than it would be without the evidence. The Court notes that Defendant does not challenge the objection to exclude this particular document. Even assuming, *arguendo*, the Dismissal and Notice of Rights had marginal probative value, any such value would be considerably outweighed by a number of concerns. This document originates from an authoritative government agency, and speaks in terms of an undefined adjudicative process culminating in a conclusory "determination" that the evidence presented to the EEOC did not establish a violation. A jury could easily confuse the meaning of the document as suggestive of the jury's ultimate legal question. Further, in order for any kind of proper context to be provided

for the relevance of this determination itself would require the needless presentation of cumulative evidence, namely, an itemization of what evidence was presented and considered by the EEOC. As such, Plaintiff's motion to exclude the Dismissal and Notice of Rights is granted.

Likewise, Plaintiff's motion with respect to the correspondence from EEOC Investigator Carl Bartolomucci is granted. At the outset, the Court notes that this correspondence is hearsay, and appears to be only conceivably relevant for the truth of the matter asserted. *Id.* at Exhibits 2 and 3. The Court further notes that Defendant has not identified Carl Bartolomucci as a potential witness at trial. It is not clear whether correspondence sent in this fashion in the course of an EEOC investigation satisfies the definition of a public record for purposes of Rule 803(8)(C)[3]. The Court need not address that issue in this case in view of its determination that the letters are inadmissible under Fed.R.Evid. 403 for the same reasons as the Dismissal and Notice of Rights.

---

[3] The EEOC does not appear to have clear standards for how it gathers information and, similarly, for what documentation it incorporates into the investigation. The Federal laws Prohibiting Job Discrimination: Questions and Answers, available at http://www.eeoc.gov/charge/overview_charge_processing.html, states that "In investigating a charge, EEOC may make written requests for information, interview people, review documents, and, as needed, visit the facility where the alleged discrimination occurred. When the investigation is complete, EEOC will discuss the evidence with the charging party or employer, as appropriate." The two pieces of correspondence appear to be the investigator's discussion with the Plaintiff.

A Court's analysis under Rule 803(8)(C) for purposes of determining if a document satisfies the public record exception to hearsay turns on the document's trustworthiness. As noted herein, neither party advances an argument that the documents are not trustworthy. The Court notes, however, that some courts analyzing the trustworthiness of public records under Rule 803(8)(C) have found such documents untrustworthy because the records contained hearsay statements creating a hearsay within hearsay problem. *See, e.g.*, *Miller v. Field*, 35 F.3d 1088, 1091-92 (6th Cir. 1994)("While a court may presume that a preparer of a report, under a duty to relate information, will perform the task required and formulate justified conclusions ... no such presumption arises when the preparer relies on potentially untrustworthy hearsay evidence from another individual under no duty to provide unbiased information."); *McKinnon v. Skil Corp.*, 638 F.2d 270, 278 (1st Cir. 1981).

The documents themselves contain, *inter alia*: Mr. Bartolomucci's assessment of potential bias on the part of Elaine Savko based apparently upon information provided by the Defendant (Exhibit 3), assessments of the facts as applied to Mr. Bartolomucci's understanding of the law in this area (Exhibit 2), his factual determinations as to the role of Plaintiff and Geraldine Gardner in the dispute resulting in their respective terminations (Exhibits 2 and 3), the factual/legal determination that the Defendant treated both employees the same with respect to discipline (Exhibit 2), and the assertion "the Commission must conclude that there was no violation of Title VII of the Civil Rights Act of 1964 as amended" (Exhibit 2). Obviously, any conclusions reached by the EEOC will require a context of what information was considered by the EEOC. Time devoted to either justifying or refuting the conclusions of the EEOC made in the spring of 2008 would be nothing more than the proverbial trial within a trial, requiring undue delay, waste of time, and the needless presentation of cumulative evidence. As such, the motion is granted with respect to the correspondence composed by the EEOC investigator.

Plaintiff moves this Court to exclude correspondence sent on her behalf by her then-counsel on February 14, 2008 (the "February 14 letter"), correspondence sent in response to Defendant's EEOC position statement. Doc. # 27 at Exhibit 4. Unlike the other documents subject to Plaintiff's motion, however, this document was from Plaintiff herself through her counsel. Plaintiff objects on the basis of hearsay and further that there is no evidence "that her attorney was authorized to make statements contained therein on her behalf." To this latter point first, the Court notes that on its face, the letter opens with the following, "The following letter is [Plaintiff's] rebuttal to [Defendant's] position statement". *Id.* A copy of the letter was also apparently sent to Plaintiff at the same time it was sent to the EEOC. *Id.* Furthermore, the

6

Dismissal and Notice of Rights identifies Ms. Waskowicz (the author of the February 14, 2008 letter) as counsel for Plaintiff, Doc. # 27 at Exhibit 1, and one of the two letters from the EEOC investigator was also addressed to Ms. Waskowicz, Doc. # 27 at Exhibit 2.

Section 706 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, governs the filing of charges of discrimination with the EEOC. Section 706(b) requires "[c]harges" to "be in writing under oath or affirmation ... contain[ing] such information and ... in such form as the Commission requires." § 2000e-5(b). As the Supreme Court has noted, this verification requirement is designed to protect employers from the disruption and expense of responding to a claim unless the complainant is serious enough to support it by oath subject to liability for perjury. *Edelman v. Lynchburg College*, 535 U.S. 106, 113 122 S.Ct. 1145 (2002). This object, however, demands an oath only by the time the employer is obliged to respond to the charge. *Id.* Presumably, Plaintiff verified her charge of discrimination at some point prior to Defendant's position statement. Beyond that, however, the investigation procedure is in the hands of the investigator to accumulate information in order to discuss the charge with the complainant. *See* FN 3, *supra*. A rebuttal from a charging party's counsel making factual assertions in response to an employer's position statement falls within the type of information that an investigator would consider. As such, the Court will not permit Plaintiff to receive the benefit of having factual assertions presented to an EEOC investigator in the course of a relatively informal investigative process by her counsel on her behalf, then to indirectly disavow such assertions upon the notion that no evidence establishes the proponent's authority to make them.

With respect to Plaintiff's 403 objection to the February 14 letter, on balance the Court finds that the risk of unfair prejudice, confusion of the issues, or misleading the jury, and

7

likewise, considerations of undue delay, waste of time, or needless presentation of cumulative evidence do not outweigh the probative value of the contents.  To be clear, the Court is not, at this juncture, pre-admitting the letter.  Should Defendant choose to use the February 14 letter at trial, either as substantive evidence or for impeachment purposes, it will be required to lay a proper foundation at the appropriate time.  At this juncture, however, Plaintiff;'s motion with respect to this correspondence is denied.

For all the hereinabove stated reasons, Plaintiff's Motion in Limine to Exclude Evidence of EEOC Findings and Correspondence is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion is granted with respect to:

1) Exhibit 1 of Doc. # 27: EEOC Dismissal and Notices of Rights;

2) Exhibit 2 of Doc. # 27: Letter from Carl Bartolomucci, EEOC, to Tiffany R. Wiskowicz, dated May 2, 2008;

3) Exhibit 3 of Doc. # 27: Letter from Carl Bartolomucci, EEOC, to Mary Hiegl [now Kirby], dated January 29, 2008.

Plaintiff's Motion is denied with respect to:

4) Exhibit 4 of Document # 27: Letter from Tiffany R. Wiskowicz to Carl Bartolomucci, dated February 14, 2008.

So ORDERED.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc: Samuel J. Cordes, Esquire
Email: scordes@ocmilaw.com
Christine T. Elzer, Esquire
Email: celzer@ocmilaw.com

Gregory M. Bair, Esquire
Email: gbair@jcpenney.com
Martin J. Saunders, Esquire
Email: saunderm@jacksonlewis.com