IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY KATHLEEN KIRBY,** | ) |
| | ) |
| Plaintiff, | )  2:08-cv-1088 |
| v. | ) |
| | ) |
| **J.C. PENNEY CORPORATION, INC.,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDERS OF COURT**

Presently before the Court are the following Motions in Limine filed by Plaintiff in this matter:

(1)    PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF LOST WAGES OR MITIGATION TO THE JURY (Document number 28);

(2)    PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ELAINE SAVKO'S LAWSUIT AGAINST FORMER EMPLOYER (Doc. # 29); and

(3)    PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF AMOUNT OF UNEMPLOYMENT BENEFITS (Doc. # 31).

Also before the Court is DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE (Doc. # 45).  The Motions will be addressed seriatim.


**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE
EVIDENCE OF LOST WAGES OR MITIGATION TO THE JURY (Doc. # 28)**

Plaintiff seeks to exclude the introduction of evidence of her lost wages and her job search efforts following her termination.  Plaintiff argues that damages associated with the loss of back pay is a form of equitable relief to be awarded at the discretion of the Court, as recently held

in the case of *Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311 (3d Cir. 2006).  Defendant acknowledges that any determination for an award of back pay is for the Court to decide, but argues that evidence of efforts such as Plaintiff's self-owned business may be relevant to Plaintiff's demand for compensatory damages.  Plaintiff's motion is GRANTED.  Defendant is precluded from introducing evidence of Plaintiff's back pay or the mitigation of same before the jury.  Other post-termination activities of Plaintiff may be relevant, but must be addressed and determined at trial.

SO ORDERED this 29th day of October, 2009.

### PLAINTIFF'S UNOPPOSED MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ELAINE SAVKO'S LAWSUIT AGAINST FORMER EMPLOYER (Doc. # 29)

Plaintiff's motion seeks to exclude evidence of a lawsuit alleging sex discrimination and retaliation filed in 1987 by Elaine Savko, a non-party witness to the case *sub judice,* against a former employer.  Without objection from Defendant, Plaintiff's motion is GRANTED and Defendant is precluded from offering evidence of the 1987 lawsuit filed by Elaine Savko.

SO ORDERED this 29th day of October, 2009.

### PLAINTIFF'S UNOPPOSED MOTION IN LIMINE TO EXCLUDE EVIDENCE OF AMOUNT OF UNEMPLOYMENT BENEFITS (Doc. # 31)

Plaintiff's motion seeks to exclude the introduction of evidence of the amount of

unemployment compensation benefits Plaintiff received following her termination from Defendant.  Without objection, Plaintiff's motion is GRANTED and evidence of the amount of unemployment compensation benefits are excluded.

SO ORDERED this 29th day of October, 2009.

                                                BY THE COURT:

                                                s/  Terrence F. McVerry
                                                United States District Court Judge

cc:    Samuel J. Cordes, Esquire
        Email: scordes@ocmilaw.com
        Christine T. Elzer, Esquire
        Email: celzer@ocmilaw.com

        Gregory M. Bair, Esquire
        Email: gbair@jcpenney.com
        Martin J. Saunders, Esquire
        Email: saunderm@jacksonlewis.com