IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY KATHLEEN KIRBY, | ) |
| | ) |
| Plaintiff, | )  2:08-cv-1088 |
| v. | ) |
| | ) |
| J.C. PENNEY CORPORATION, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court is PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ELAINE SAVKO'S WORK PERFORMANCE (Docket entry number 30), and the DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE (Doc. # 45).[1] The motion is ripe for disposition.

**I.   STATEMENT OF THE CASE**

The following background is drawn from the pleadings of the matter *sub judice*. Plaintiff brings the present action claiming discrimination due to her race when she was terminated by Defendant from her position as a Custom Decorator on or about May 10, 2007. *See, generally*, Amended Complaint, Doc. # 14. Plaintiff, along with co-worker Geraldine Gardner, were terminated due to "disruptive behavior", namely an argument that occurred between them on the work premises on May 7, 2007. *Id.*; *see also*, Doc. # 21. At the time of this incident, Plaintiff's supervisor was Elaine Savko, who notified Plaintiff of her termination on May 10, 2007. On August 12, 2007, Savko notified Defendant that she was resigning from Defendant's employ

---

[1] On October 13, 2009, Plaintiff filed various pretrial motions in limine, as contained within the docket at docket entry numbers 27 - 31, seeking to either preclude or exclude specific pieces of evidence. In response, on October 19, 2009, Defendant filed one brief in opposition to the motions.

effective August 24, 2007, which resignation was unrelated to the incident involving Plaintiff. Doc. # 30 at transcript page 47 of Exhibit 3. After her termination, Plaintiff applied for unemployment compensation and a hearing was conducted on August 27, 2007. Doc. # 45 at p. 1. Savko testified on behalf on Plaintiff at the unemployment compensation hearing to the effect that she had been instructed by Defendant's Human Relations Representative, Vicki Waterman, to fire both Plaintiff and Gardner, who is African-American, so that Gardner "would not file a discrimination charge/complaint." Doc. # 21. In its pretrial statement, Defendant identified a number of documents it expects to offer into evidence as exhibits which are related to Savko's work performance while employed by J.C. Penney. Doc. # 23. On October 15, 2009, Defendant provided the Court and opposing counsel copies of its trial exhibits. Of those, defense exhibits 55, 56, 57, 58 and 75 (D. 55, 56, 57, 58 and 75) appear to be the only documents related to the work performance of Elaine Savko which are unrelated to the issues between Plaintiff and Gardner. For the reasons stated herein, the motion will be denied.

**II.     ANALYSIS**

Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Federal Rule of Evidence 402 provides that "all relevant evidence is admissible." Fed.R.Evid. 402. The Court of Appeals for the Third Circuit has noted that "Rule 401 does not raise a high standard." *Hurley v. Atlantic City Police Department*, 174 F.3d 95, 109-10 (3d Cir. 1999)(*quoting in re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 782-83 (3d Cir. 1994)). Further, the Third Circuit has stated: [a]s noted in the Advisory Committee's Note to Rule 401, "relevancy is not an inherent

characteristic of any item of evidence, but exists only as a relation between an item of evidence and a matter properly provable in a case." Because the rule makes evidence relevant "if it has any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has no tendency to prove the fact." *Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992)(*quoting* Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure § 5166, at 74 n. 47 (1978)). Under Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

To properly evaluate a witness, a jury must have sufficient information to make a discriminating appraisal of a witness's motives and bias. *See United States v. Abel*, 469 U.S. 45, 52, 105 S.Ct. 465, 469 (1984); *Douglas v. Owens*, 50 F.3d 1226 (3d Cir. 1995). Much of the current authority pertaining to the permissible scope and limitation of cross-examination involves cases of a criminal nature. *Douglas*, 50 F.3d at 1230, FN 6. Cross-examination in the criminal context assumes a heightened importance because of the constitutional implications inherent in confronting one's accuser pursuant to the Sixth Amendment. Likewise, the same concern, namely the jury having sufficient information to make a discriminating appraisal of the witness's motives and bias, is implicated in a civil trial context as well. *Id.*

Plaintiff objects to the introduction of the identified documents as irrelevant under Fed.R.Evid. 401 and 402, and by arguing that the documents' probative value is outweighed by the danger of unfair prejudice and jury confusion under Fed.R.Evid. 403. In response, Defendant notes that Plaintiff's theory of recovery relies heavily upon the testimony Elaine Savko provided

at Plaintiff's unemployment compensation hearing on August 27, 2007. Doc. # 45. Based upon its response, Defendant intends to introduce the evidence as purporting to show Savko's animus toward J.C. Penney and her own supervisor at the time of her August 27, 2007, testimony, especially when considered in light of evidence of other communications made by Savko which were closer in time to Plaintiff's termination and were inconsistent with Savko's later testimony. *Id.*

Plaintiff argues that the evidence is not relevant as it does not demonstrate any misconduct on the part of Savko or bear on her character for truthfulness. Doc. # 30. Apparently Savko was placed on a Final Performance Warning Action Plan on or about July 18, 2007, based upon her failure to meet certain thresholds in sales. D. 53; *attached to* Doc. # 30 as Exhibit 1. Within the scope of that plan, Savko was expected to reach certain identified goals within sixty (60) days, or else face termination. *Id.* In the time leading up to the imposition of that plan, Savko was working under a Performance Warning Action Plan which had been in place since April 3, 2007. *Id.* Within approximately five weeks of the Final Performance Warning Action Plan, Savko resigned from J.C. Penney and testified favorably on behalf Plaintiff and adversely to Defendant, her former employer. The fact that the circumstances surrounding Savko's performance improvement plans and resignation is based upon her failure to meet performance goals, and does not involve misconduct or discipline for acts of untruthfulness, does not render the evidence irrelevant. The evidence at issue is clearly relevant for the purpose of impeachment of Plaintiff's key witness, including her credibility and/or motivations, and the probative value of same is not outweighed by the concerns of Rule 403. The jury will be properly instructed regarding this issue.

For all the hereinabove stated reasons, Plaintiff's Motion in Limine to Exclude Evidence of Elaine Savko's Work Performance is DENIED.

So ORDERED this 29th day of October, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:     Samuel J. Cordes, Esquire
        Email: scordes@ocmilaw.com
        Christine T. Elzer, Esquire
        Email: celzer@ocmilaw.com

        Gregory M. Bair, Esquire
        Email: gbair@jcpenney.com
        Martin J. Saunders, Esquire
        Email: saunderm@jacksonlewis.com