IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY KATHLEEN KIRBY,** ) | |
| ) | |
| Plaintiff, ) | 2:08-cv-1088 |
| v. ) | |
| ) | |
| **J.C. PENNEY CORPORATION, INC.,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court is DEFENDANT'S MOTION IN LIMINE TO PRECLUDE USE OF DEPOSITION EXCERPTS OF GERALDINE GARDNER AS TRIAL TESTIMONY BY THE PLAINTIFF, filed at docket entry number 49 (Doc. # 49), and PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE USE OF DEPOSITION EXCERPTS OF GERALDINE GARDNER AS TRIAL TESTIMONY BY THE PLAINTIFF, filed at Doc. # 51. The motion is ripe for disposition.

At the outset, the Court will address the timing of Defendant's motion. This Court issued its Trial Scheduling Order on August 4, 2009, which set out, among other things, the pretrial procedures to be followed by the parties. Doc. # 25. The Order required the parties to file motions in limine on or before October 13, 2009. The parties were further ordered to submit their respective designation of deposition excerpts to be offered at trial on October 19, 2009, which both did on that date. *See* Doc. ## 36 & 42. Defendant's motion pending before the Court was filed on October 23, 2009. Plaintiff argues that the motion should be denied based upon the fact that motions in limine were due on October 13, 2009, and Defendant's motion was not filed until ten days after that deadline. The Court does not consider Defendant's motion to be late in light of the fact that the parties were not required to designate deposition excerpts to be offered at

trial until after the deadline for the motions in limine, and therefore, the Court will consider it.

### I.   STATEMENT OF THE CASE

The following background is drawn from the pleadings in the matter *sub judice*.  Plaintiff brings the present action claiming discrimination due to her race when she was terminated by Defendant from her position as a Custom Decorator on or about May 10, 2007.  *See, generally*, Amended Complaint, Doc. # 14.  Plaintiff, along with co-worker Geraldine Gardner, were terminated due to "disruptive behavior", namely and argument that occurred on the premises while both were at work on May 7, 2007.  *Id.*; *see also*, Doc. # 21.  Plaintiff is Caucasian while Ms. Gardner is African-American.  Doc. # 14, Amended Complaint.

As noted above, on October 19, 2008, Plaintiff filed her Designation of Discovery Excerpts to be Offered at Trial, Doc. # 36, designating several pages of transcript from the deposition of Geraldine Gardner, a non-party to this lawsuit.  On October 20, 2009, Plaintiff filed a Supplemental Designation of Discovery Excerpts to be Offered at Trial, Doc. # 46, once again identifying additional pages from the transcript of the discovery deposition of Gardner for use at trial.  Defendant objects to the use of these deposition excerpts arguing hat Plaintiff has failed to satisfy the requirements of Federal Rule of Civil Procedure 32 in order to use the deposition testimony at trial.  Doc. # 49.  In response, Plaintiff notes that the deposition of Gardner was videotaped, which affords the jury the opportunity to observe Gardner's demeanor and voice in order to evaluate her credibility.  Doc. # 51.

### II.   ANALYSIS

A witness's testimony at trial must be taken in open court unless a federal statute, the Federal Rules of Evidence, the Federal Rules of Civil Procedure, or other rules adopted by the

Supreme Court provide otherwise.  Fed.R.Civ.P. 43.  The preference for live testimony at trial rather than deposition testimony as a substitute is uniformly stressed in case law.   In those cases where a deposition may be used in court proceedings, Fed.R.Civ.P 32 provides in relevant part:

> Unavailable Witness.  A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
> (A) that the witness is dead:
>
> (B) that the witness is more than 100 miles from the place of the hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
>
> (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
>
> (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or
>
> (E) on motion and notice, that exceptional circumstances make it desirable - in the interests with justice and with due regard to the importance of live testimony in open court - to permit the deposition to be used.

Fed.R.Civ.P. Rule 32(a)(4)(E).  The Court notes that Gardner was terminated from her position at J.C. Penney for the same incident as Plaintiff, and who apparently is not now, nor was she at the time of her deposition, an employee of Defendant.  Further, according to the witness list filed by Plaintiff on October 13, 2009, Geraldine Gardner is identified as a witness Plaintiff <u>may</u> call at trial and who lives in Monaca, PA.  Doc. # 26.  Monaca, PA, is well within 100 miles from the place of the trial, Pittsburgh, PA, which is scheduled to commence on Monday, November 2, 2009.  As such, use of Gardner's testimony does not meet the criteria under subsections A, B, or C of Rule 32(a)(4).  Plaintiff makes no indication of whether she has attempted to procure, much less was unsuccessful in procuring, Gardner's attendance at trial by subpoena; therefore proposed

use of the deposition testimony does not satisfy subsection D.

Plaintiff argues that the medium in which the deposition was taken, namely video recording as opposed to audio recording, itself creates an "exceptional circumstance" for the purpose of satisfying subsection E. In support of that argument, Plaintiff references a decision from a sister court within the Third Circuit, *Weiss v. Wayes*, 132 F.R.D. 152 (M.D.Pa. 1990). Plaintiff misapprehends the rationale in that decision. The parties in *Weiss* agreed in advance that the deposition of the non-party was to be taken for use at trial. *Id.* The only issue the court considered was the format in which the deposition was to be presented to the jury at trial. *Id.* In that consideration, the court determined the video format to be preferred to an audio format. *Id.* To equate that decision with the notion that videotaped depositions, simply by virtue of being preserved in a video format, satisfy the requirements of subsection E is a logical leap that does not follow. The Rule requires some showing of the unavailability of the non-party witness by the party intending to introduce the deposition testimony. An aspect of that unavailability is the characteristic that it is beyond the control of the party seeking to use the deposition, such as death, geographic displacement, or an inability to procure presence through legal process. Allowing a party to use a deposition over the live in-court testimony of an otherwise available witness would effectively eviscerate the other provisions of Rule 32(a)(4) and would undermine the importance of presenting live testimony. As the 1996 Advisory Committee Notes to Rule 43 make clear, "The very ceremony of trial and the presence of the factfinder may exert a powerful force on truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."

The Court notes that Plaintiff is correct in one respect. A party may use a deposition to

contradict or impeach the testimony of the deponent, or for any other use allowed under the Federal Rules of Evidence.  Fed.R.Civ.P. 32(a)(2).  However, Defendant's motion specifically sought to preclude the use of the deposition excerpts as trial testimony, and the Court's ruling is limited to that specific request for relief.

### III.    CONCLUSION

For all the hereinabove stated reasons, Defendant's Motion in Limine to Preclude Use of Deposition Excerpts of Geraldine Gardner as Trial Testimony is GRANTED to the extent that Plaintiff is precluded from introducing the deposition of Geraldine Gardner in the place of in-court testimony, as Plaintiff has failed to show a basis to do so under Rule 32(a)(4).  Plaintiff remains free to use the deposition excerpts for any other purpose permitted under the federal rules and under the law.  Further, if Plaintiff intends to argue that Geraldine Gardner does meet the criteria for unavailability under this Rule, she must file a pleading presenting this issue immediately.

So ORDERED this 29th day of October, 2009.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:    Samuel J. Cordes, Esquire
       Email: scordes@ocmilaw.com
       Christine T. Elzer, Esquire
       Email: celzer@ocmilaw.com

       Gregory M. Bair, Esquire
       Email: gbair@jcpenney.com
       Martin J. Saunders, Esquire
       Email: saunderm@jacksonlewis.com