**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARY KATHLEEN KIRBY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:08-cv-1088** |
| **v.** | ) | |
| | ) | |
| **J.C. PENNEY CORPORATION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court is DEFENDANT'S MOTION IN LIMINE TO EXCLUDE UNEMPLOYMENT COMPENSATION DOCUMENTS, filed at docket entry number 50 (Doc. # 50), and PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE UNEMPLOYMENT COMPENSATION DOCUMENTS, filed at Doc. # 52. The motion is ripe for disposition.

At the outset, the Court will address the timing of Defendant's motion. This Court issued its Trial Scheduling Order on August 4, 2009, which set out, among other things, the pretrial procedures to be followed by the parties. Doc. # 25. The Order required the parties to file motions in limine on or before October 13, 2009. The parties were further ordered to mark and exchange exhibits in advance of trial, which they apparently did. In particular, Plaintiff, through a paralegal working on behalf of counsel, notified counsel for the Defendant on Friday, October 9, 2009, of her intention to introduce the documents in question. *See* Doc. # 52 at Exhibit 1. Defendant's motion pending before the Court was filed on October 23, 2009. Plaintiff argues that the motion should be denied based upon the fact that motions in limine were due on October 13, 2009, that Defendant was aware of the intention of Plaintiff to introduce these exhibits as evidence prior to the deadline to file motions in limine, and that for whatever reason Defendant's

motion was not filed until ten days after that deadline. The Plaintiff's point is well-taken. The Court issued the Trial Scheduling Order for an important purpose, and expects the parties to recognize the importance of the Order itself and the need to abide by the Court's deadlines. The Court does not appreciate the fact that the parties were ordered to filed *all* motions in limine on or before October 13, 2009, and Defendant filed the present motion in limine on October 23, 2009. At the same time, however, the Court notes that even with the procedural step that addresses issues in limine in advance of trial, parties maintain the ability to object to the introduction of evidence at trial. The Court leaves it to the respective parties to determine what issues in limine to raise through motions practice, and what objections, if any, regarding the admissibility of evidence to raise at trial. Within this context, and also in light of the fact that the present motion was filed in time to allow a response and adjudication, the Court will consider Defendant's motion.

## I.    STATEMENT OF THE CASE

The following background is drawn from the pleadings and the exhibits identified and marked by the parties as intended to be introduced in the matter *sub judice*. Plaintiff brings the present action claiming discrimination due to her race when she was terminated by Defendant from her position as a Custom Decorator on or about May 10, 2007. *See, generally*, Amended Complaint, Doc. # 14. Plaintiff, along with co-worker Geraldine Gardner, were terminated due to "disruptive behavior", namely and argument that occurred on the premises while both were at work on May 7, 2007. *Id.*; *see also*, Doc. # 21. Plaintiff is Caucasian while Ms. Gardner is African-American. Doc. # 14, Amended Complaint. At the time of her termination, Plaintiff and Ms. Gardner were supervised by Elaine Savko. *See*, Doc. # 30. Evidence that may be presented

at trial stems from unemployment compensation hearings that involved Plaintiff and a number of

potential witnesses.  More specifically, the role of Elaine Savko at various points throughout the

sequence of the respective hearings is significant.  As such, a brief summary of the

unemployment compensation proceedings is prudent at this juncture.

On May 13, 2007, Geraldine Gardner applied for unemployment compensation.  *See* Doc.

# 52 at Exhibit 2, Referee's Decision/Order in the appeal of G. Gardner (also identified as

Plaintiff's proposed exhibit # 26 ("P. 26")).  On June 21, 2007, a determination was issued which

denied her unemployment compensation benefits, a decision appealed by Ms. Gardner.  *Id.*  On

July 13, 2007, a hearing was conducted before Pennsylvania Unemployment Compensation

Referee Oren Spiegler to consider that appeal.  *Id.*  At the hearing, Ms. Gardner alleged that she

felt her termination was racially motivated, although she did acknowledge having directed

threatening language to Plaintiff during their argument on May 7, 2007, and further admitted that

disruptive behavior was a serious violation of company policy.  *Id.*; *see also*, Doc. # 52 at Exhibit

5, email message from Elaine Savko to Daniel Kamide and Vicki Waterman dated July 13, 2007

(also identified as Joint Exhibit 12 ("J.12")).  Elaine Savko attended the hearing as one of the

representatives for Defendant, and presented evidence in support of the decision to terminate Ms.

Gardner.  Doc. # 52 at Exhibit 5.  In particular, Savko introduced evidence of Plaintiff's

termination in response to Ms. Gardner's allegations that her termination was racially motivated.

*Id.*  On July 17, 2007, Ms. Gardner's unemployment compensation appeal was denied in a

written Referee's Decision/Order.  Doc. # 52 at Exhibit 2.  The Referee's Decision/Order

denying unemployment compensation for Ms. Gardner is one of the documents Defendant now

seeks to exclude.

3

On May 27, 2007, Plaintiff applied for unemployment compensation. *See* Doc. # 52 at

Exhibit 3, Referee's Decision/Order in the appeal of Plaintiff (also identified as P. 27).[1]  On July

19, 2007, a determination was issued which denied unemployment compensation benefits, a

decision appealed by Plaintiff. *Id.*  A hearing was scheduled for August 27, 2007 to consider

Plaintiff's appeal. *Id.*  Elaine Savko appeared and testified at Plaintiff's unemployment

compensation hearing, albeit in a significantly different capacity compared to her participation in

Ms. Gardner's hearing.  On August 12, 2007, Savko had notified Defendant that she was

resigning from Defendant's employ effective August 24, 2007.  Doc. # 30 at transcript page 47 of

Exhibit 3.[2]  At Plaintiff's unemployment compensation hearing three days following her last day

working for Defendant, Savko testified to the effect that she was instructed by Defendant's

Human Relations Representative, Vicki Waterman, to fire both Ms. Gardner and Plaintiff, so that

Gardner "would not file a discrimination charge/complaint." *See*, Doc. # 21, Plaintiff's Pretrial

Statement.  In light of Savko's testimony, Referee Speigler, the same referee who considered Ms.

Gardner's appeal, determined that Plaintiff was eligible for benefits in a written Referee's

Decision/Order dated August 28, 2007.  Doc. # 52 at Exhibit 3 (also identified as P. 28).  Among

the reasons, the referee made the following finding of fact, "The employer had concerns that if

only the co-worker of the claimant were [sic] discharged, that a racial discrimination suit would

---

[1]  At the time, Plaintiff was apparently known as Mary K. Heigl.  Doc. # 52.

[2]  Savko was placed under the terms of a Final Performance Warning Action Plan on or about July 18, 2007, based upon her failure to meet certain thresholds in sales. D. 53; *attached to* Doc. # 30 as Exhibit 1.  Under that plan, Savko was instructed to reach certain identified goals within sixty (60) days, or else face termination. *Id.*  Prior to the imposition of that final warning plan, Savko was working under a Performance Warning Action Plan which had been in place since April 3, 2007. *Id.*

ensue." *Id.*  The Referee's Decision/Order granting unemployment compensation for Plaintiff is one of the documents Defendant now seeks to exclude.

Following her resignation, Elaine Savko also applied for unemployment compensation. *See* Doc. # 50 at Exhibit 4 (also identified as P. 29).  As part of that application, Savko explained her reasoning for resigning, namely that the Final Warning Action Plan created unattainable requirements for her continued employment.  *Id.*  A determination by the unemployment compensation service center mailed on October 24, 2007, found that Savko had established a necessitous and compelling reason for resigning, and was therefore entitled to unemployment compensation benefits.  *Id.*  The Notice of Determination granting unemployment compensation to Elaine Savko is one of the documents Defendant now seeks to exclude.  For the reasons stated herein, the motion will be granted.

## II.   ANALYSIS

Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.  Federal Rule of Evidence 402 provides that "all relevant evidence is admissible."  Fed.R.Evid. 402.  The Court of Appeals for the Third Circuit has noted that "Rule 401 does not raise a high standard."  *Hurley v. Atlantic City Police Department*, 174 F.3d 95, 109-10 (3d Cir. 1999)(*quoting in re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 782-83 (3d Cir. 1994)).  Further, the Third Circuit has stated: [a]s noted in the Advisory Committee's Note to Rule 401, "relevancy is not an inherent characteristic of any item of evidence, but exists only as a relation between an item of evidence and a matter properly provable in a case."  Because the rule makes evidence relevant "if it has

any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has no tendency to prove the fact." *Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992)(*quoting* Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure § 5166, at 74 n. 47 (1978)).  Under Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed.R.Evid. 403.  Unfair prejudice "means an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Comm. Notes to Rule 403.  The Rule 403 decision is left to the Court's discretion and is to be determined on a case-by-case basis.  *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1345 (3d Cir.2002).

The Defendant seeks the exclusion of documentation of the following unemployment compensation determinations: the referee's decision in the appeal of Geraldine Gardner which denied benefits (P. 26), the referee's decision in the appeal of Plaintiff which awarded benefits (P. 28), and the service center's determination Elaine Savko was entitled to benefits (P. 29). Defendant argues that the respective determinations are not relevant, and even if they were, the cumulative effect of the evidence would be unfairly prejudicial as it would confuse or mislead the jury.  Doc. # 50.  In response, Plaintiff argues that the documents are relevant.  Doc. # 52.

**A.     The Referee's Decisions/Orders following the July 13, 2007 and August 27, 2007 hearings.**

With respect to the determination made from the July 13, 2007 hearing, Plaintiff argues that the evidence is relevant to show that how Defendant, through Elaine Savko, countered Ms.

Gardner's claims that her firing was motivated by racial animus by presenting evidence of Plaintiffs termination to the referee, a point that was specifically noted by the referee in the decision to deny benefits for Ms. Gardner. *Id.* With respect to the August 27, 2007, determination, Plaintiff argues that the referee considered conflicting evidence, specifically the testimony of Elaine Savko (that Plaintiff's termination was made in order to "water down" a possible discrimination claim by Ms. Gardner) and store manager Jerry Agriesti (who opined that both Plaintiff and Ms. Gardner were at fault), and found for Plaintiff. *Id.*

After careful consideration of the administrative findings at issue, the Court agrees with Defendant that the findings are not relevant, and even if they were, they are unfairly prejudicial, confusing, and/or misleading to the jury. The decisions and determinations regarding unemployment compensation benefits are not relevant under Fed.R.Civ.P. 401 and 402 given the fact that the policies and rights embodied in the Pennsylvania Unemployment Compensation Law and Title VII are distinct: the former addresses economic insecurity due to unemployment, while the latter seeks to eradicate unlawful racial discrimination in employment settings.

Even if the evidence was relevant, the minimal probative value is substantially outweighed by the dangers of confusion of the issues, or misleading the jury. Each of the referee's decisions involved reconciling conflicting testimony/evidence. Any credibility issues in this case are for the jury - as the finder of fact - to assess based on the sworn testimony of witnesses and other evidence introduced at trial. To allow Plaintiff to introduce the administrative findings at issue would cause serious jury confusion as well as create a significant risk that the jury will place undue weight on the findings in lieu of making their own credibility determinations. These concerns are especially great where, as here, the unemployment

compensation proceedings involved a very different burden of proof on a different issue.

Because the Court finds that any probative value of the unemployment compensation findings is

substantially outweighed by the recited dangers of Rule 403, Defendant's Motion in Limine to

exclude the evidence at issue is granted.  *See, e.g.*, *Finnegan v. Ross Township,* No. Civ. A. 07-

405*,* 2008 WL 4377125 (W.D.Pa., Sept. 25,  2008); *Whitfield v. Pathmark Stores, Inc.*, No. Civ.

A. 96-246-MMS, 1999 WL 222459 (D.Del. Mar.30, 1999). *Cf. Dici v. Commonwealth of Pa.*, 91

F.3d 542 (3d Cir.1996).

 The Court is mindful of the arguments of Plaintiff, particularly the relevance of Elaine

Savko's participation in the July 13, 2007 hearing on behalf of Defendant, and her testimony at

the August 27, 2007 hearing on behalf of Plaintiff.  However, in light of the fact that Plaintiff

intends to call Elaine Savko to testify at trial, and further introduce the email message summary

sent by Savko to Vickie Waterman following Gardner's hearing on July 13, 2007 without

objection from Defendant, the Court fails to see what relevance the referee's subsequent

decisions hold.  At best, those decisions appear to simply memorialize the same information that

is directly available at trial from the source (Savko) herself.

**B.      The Determination with respect to Elaine Savko's claim for benefits.**

 Plaintiff's theory of recovery will rest largely upon the testimony of Elaine Savko.  At the

risk of stating the obvious, the credibility of Ms. Savko will be an important issue for the jury to

decide.  To that end, Defendant has indicated an intention to present evidence to impeach the

credibility of Elaine Savko, including evidence of bias beginning on or around the time she

resigned her position in August of 2007.  With her application for unemployment compensation

benefits, Savko explained that she resigned based upon her belief that she had been placed under

unattainable standards by Defendant.  Plaintiff argues that excluding the unemployment compensation determination (that Savko established a necessitous and compelling reason to resign and was therefore entitled to benefits), would somehow deprive Ms. Savko from responding to Defendant's evidence of bias.  The Court does not follow this logic.  The Court sees no reason why Ms. Savko could not testify as to her belief that she resigned based upon what she considered to be unattainable standards being imposed upon her.  The fact that a representative from the local unemployment compensation service center agreed is irrelevant. The issue is not whether Elaine Savko quit working for Defendant voluntarily or whether she quit for a necessitous and compelling reason.  At most, the issue is whether the fact that she did resign under the circumstances she will describe gives her cause to demonstrate a bias against Defendant.

## III.   CONCLUSION

For all the hereinabove stated reasons, Defendant's Motion in Limine to Exclude Unemployment Compensation Documents is GRANTED.

So ORDERED this 29th day of October, 2009.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:   Samuel J. Cordes, Esquire
       Email: scordes@ocmilaw.com
       Christine T. Elzer, Esquire
       Email: celzer@ocmilaw.com

       Gregory M. Bair, Esquire
       Email: gbair@jcpenney.com
       Martin J. Saunders, Esquire

9

Email: saunderm@jacksonlewis.com