IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY KATHLEEN KIRBY, | ) |
| | ) |
| Plaintiff, | )   2:08-cv-1088 |
| v. | ) |
| | ) |
| J.C. PENNEY CORPORATION, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court is PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES, docket entry number 66, with Appendix (Doc. # 67) and Supplement (Doc. # 69) in support thereof; DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES (Doc. # 74); and PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HER MOTION FOR ATTORNEYS' FEES AND EXPENSES (Doc. # 77). The motion is ripe for disposition.

**Statement of the Case**

Plaintiff brought the present action claiming discrimination due to her race when her employment was terminated by Defendant from her position as a Custom Decorator on or about May 10, 2007. Plaintiff, along with co-worker Geraldine Gardner, were terminated due to "disruptive behavior," specifically an argument that occurred on the premises while both were at work on May 7, 2007. Plaintiff is Caucasian while Ms. Gardner is African-American. Like Plaintiff, Ms. Gardner was also a decorator, and both worked at Defendant's retail store in Monaca, PA. Plaintiff contended that the Defendant decided to terminate her employment along

1

with Ms. Gardner in order to mitigate any potential claim by Gardner that her firing was racially motivated.

Plaintiff brought three claims alleging discrimination due to her race with respect to the decision to terminate her employment. Count I alleged racial discrimination in violation of Title VII of the Civil Rights Act of 1866, 42 U.S.C. § 1981. Count II alleged racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). Count III alleged racial discrimination in violation of the Pennsylvania Human Relations Act, 43 Pa.Conns.Stat.Ann. § 955(a) et seq. *See* Doc. # 14. Plaintiff sought relief in the form of compensatory and punitive damages in an amount to be determined by the jury at trial, as well as equitable relief to be determined by the Court. *Id.* The equitable relief demanded included back pay, front pay, reinstatement, a permanent injunction against future discrimination, and attorneys' fees and costs. *Id.*

The case was tried before a jury beginning on November 2, 2009. On November 6, 2009, the jury found that Defendant intentionally discriminated against Plaintiff because of her race. More particularly, the jury determined that Plaintiff's race was a motivating factor in Defendant's decision to terminate Plaintiff, and that Plaintiff proved that she would not have been terminated for her actions in the absence of the impermissible motivating factor of her race. The jury awarded Plaintiff one dollar ($1.00) in compensatory damages and also assessed one dollar ($1.00) in punitive damages against Defendant.

Plaintiff's instant motion follows the jury decision and seeks attorneys' fees and expenses pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, and 43 Pa.Cons.Stat.Ann. § 962(c). Doc. # 66. As Plaintiff correctly points out, the provision regarding the award of attorneys' fees and

costs in cases of success under Title VII is 42 U.S.C. § 2000e-5(k), while the provision regarding fees and costs for successful claims brought pursuant to 42 U.S.C. § 1981 is the Civil Rights Attorneys' Fees Awards Act of 1976, 90 Stat. 2641, as amended 42 U.S.C. § 1988.  Despite the different statutory provisions, the Court notes that the standards applied under either statute is the same.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7, 103 S.Ct. 1933, 1939 n. 7 (1983).

## Discussion

A.       Plaintiff was the prevailing party

Plaintiffs' brief accurately recites the applicable principles to be considered in a petition for counsel fees and costs by a prevailing party.  Determining an attorney's fee award is within the sound discretion of the district court.  *P.N. v. Clementon Board of Education*, 442 F.3d 848, 852 (3d Cir. 2006).  In order to be a "prevailing party" and thus entitled to counsel fees, one must be successful in having been awarded some relief that materially alters the legal relationship of the parties.  *Id.* at 855.  A two-prong test is normally applied:  (1) whether the party succeeded on a significant issue during the litigation; and (2) whether the party achieved a benefit sought.  *Id.* The resolution of the matter must modify the defendant's behavior in a way that directly benefits plaintiff.  *Id.*

There is no dispute that Plaintiff was the prevailing party in this action, notwithstanding the nominal nature of the damages award.  "If the plaintiff has succeeded on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit, the plaintiff has crossed the threshold to a fee award of some kind."  *Tex. State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782 at 791-92, 109 S.Ct. 1486 (2001) (alteration in original) (internal quotation marks omitted).  In *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566

(1992), the Supreme Court made clear how little actual relief is necessary. In that action, plaintiffs received only nominal damages at trial, even though in the complaint they had sought substantial actual damages. The Court nonetheless held that the plaintiffs were eligible for attorney's fees as prevailing parties, explaining that "a plaintiff who wins nominal damages is a prevailing party" because a "judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id.* at 112-13, 113 S.Ct. 566; *see also Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (holding that a plaintiff is a prevailing party when he receives at least some relief on the merits of his claim, even nominal damages.)

B.   Degree of success obtained

The Supreme Court further held that the nature and quality of relief may affect the amount of the fees awarded notwithstanding the fact that an extremely small amount of relief conferred prevailing party status. *Farrar*, 506 U.S. at 114 (while the "technical" nature of a nominal damages award does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988). The Court of Appeals for the Third Circuit has likewise noted the distinction between *eligibility* for an award of attorney's fees and the *amount* of fees that should be awarded. *Clementon Board of Education*, 442 F.3d at 852.

The party seeking fees has the initial burden to prove that the request is reasonable. The party opposing fees then has the burden to raise sufficiently specific objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). In her motion for attorneys' fees, Plaintiff calculated a lodestar amount for attorney Cordes, the lead counsel, as the product of the number

of hours expended (219.6) and the hourly rate ($425.00), to be $93,330.00.  Doc. # 66.  Similarly, Plaintiff calculated a lodestar for attorney Elzer at $17,237.50, the product of 137.9 hours multiplied by an hourly rate of $125.00 per hour. *Id.*  Plaintiff also seeks additional fees for three other members of her legal team, attorney Tiffany R. Waskowicz and two paralegal assistants, in an aggregate amount of $15,405.60.  *Id.*  The proposed total attorneys' fees is $125,973.10.  Plaintiff also requests an award for costs expended in the amount of $21,249.36.  The Court notes that Plaintiff supported her motion with affidavits from the members of her legal team, attorneys within the community and exhibits detailing the number of hours expended.  *Id.*  For its part, Defendant does not object to the hourly rates or the hours expended in the litigation by any member of Plaintiff's team, nor does Defendant object to the proposed amount for costs.  Doc. # 74.  Instead, Defendant seeks a reduction given the "limited success" Plaintiff obtained at trial, namely, the nominal nature of the damages awarded by the jury.  *Id.*

      Without objection from the Defendant, the Court will accept the values of the hours expended, the number of personnel involved, and the proposed hourly rates for the purpose of this determination as reasonable.  The analysis does not stop here, however.  District courts are charged to exercise that which the Supreme Court considers the "measured exercise of discretion" in determining an appropriate fee award.  *Farrar*, 506 U.S. at 114.  In so doing, the "most critical factor" in determining the reasonableness of the fee award is the "degree of success obtained".  *Id.* (*quoting Hensley*, 461 U.S. at 436).  Where recovery of private damages is the purpose of civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the damages sought.  *Id.* at 115 (*citing Riverside v. Rivera*, 477 U.S. 561 585, 106 S.Ct. 2686 (1986)(Powell, J., concurring in

judgment)).  Doing so is in keeping with courts' central responsibility to assess what is reasonable under the circumstances of each case.  *Id.*  "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness ... or multiplying the 'number of hours reasonably expended ... by a reasonable hourly rate.'" *Id.* (citations omitted)[1].

Jury verdicts matter.  Jury verdicts with respect to liability identify whether a plaintiff is the prevailing party in an action, and if so, verdicts with respect to damages identify the scope, at least in the collective minds of the jury, of a plaintiff's success.  In a civil rights suit for damages, the awarding of nominal damages highlights the plaintiff's failure to prove actual, compensable damages.  Generally speaking, courts grant substantial deference to a jury's finding of the appropriate amount of damages.  *See Los Angeles Memorial Coliseum Commission v. NFL*, 791 F.2d 1356, 1360 (9th Cir. 1986), *cert. denied*, 484 U.S. 826, 108 S.Ct. 92, 98 (1987).  For that reason, the Court agrees with Defendant that a reduction is appropriate.

Defendant argues for a reduction of between fifty percent (50%) and eighty-five percent (85%) of the fees and costs sought given the fact Plaintiff only recovered two dollars from the jury.  Doc. # 74.  In reply, Plaintiff notes that her recovery extended beyond the jury's award for

---

[1] The reference to twelve factors alludes to the lodestar factors noted by the Supreme Court in *Hensley*, 461 U.S. at 429-30.  Those factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.  *Id*.  Consistent with the Court's inherent discretion to determine the reasonableness of the fee demand in light of the degree of success obtained, the Court will not address these factors *seriatim*.

damages.  Following the trial, this Court granted various post-trial motions filed by Plaintiff and awarded equitable relief, including reinstatement, front pay from the date of the verdict until she is reinstated at a rate of $1,124.67 bi-weekly, back pay in the amount of $56,767.18, and prejudgment interest in the amount of $427.82.  *See* Doc. ## 78 and 80.  Which is to say, Plaintiff has subsequently gained more than the amount(s) awarded by the jury.  While that context is duly noted, the Court further notes that the evidence of Plaintiff's claims for back pay and front pay was specifically precluded from being introduced at trial as a result of Plaintiff's pre-trial motions practice.  *See* Doc. ## 28 and 55.  The fact remains that Plaintiff proceeded with a week long trial by jury seeking compensatory and punitive damages, and was awarded two dollars.  While the Court does not accept the Defendant's proposed range of reduction, it will reduce the total amount of attorneys' fees sought by Plaintiff by a factor of twenty percent (20%).

      Accordingly, Plaintiff's request for an award of attorneys' fees calculated through application of the methodology proposed will be granted in part and denied in part.  It is granted to the extent that the values and calculations applied to derive the lodestar amount are accepted without objection, however, the total amount of proposed attorneys' fees will be reduced by twenty percent (20%) as a measure of the degree of success obtained at trial.  Plaintiff will also be awarded full reimbursement for her requested amount of costs/expenses.  An appropriate order follows.

                                                BY THE COURT:

                                                s/  Terrence F. McVerry
                                                United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY KATHLEEN KIRBY,** | ) |
| | ) |
| Plaintiff, | )    2: 08-cv-1088 |
| | ) |
| v. | ) |
| | ) |
| **J.C. PENNEY CORPORATION, INC.,** | ) |
| | ) |
| Defendant. | ) |

**ORDER OF COURT**

AND NOW, this 23rd day of December, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that Plaintiff's MOTION FOR ATTORNEYS' FEES AND EXPENSES, Doc. # 66, is GRANTED in part and DENIED in part. Defendant shall pay an award of attorneys' fees to Plaintiff in the amount of $100,778.48; and shall reimburse Plaintiff for costs and expenses incurred in the amount of $21,249.36.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc::   Samuel J. Cordes, Esquire
    Email: scordes@ocmilaw.com
    Christine T. Elzer, Esquire
    Email: celzer@ocmilaw.com

    Gregory M. Bair, Esquire
    Email: gbair@jcpenney.com
    Martin J. Saunders, Esquire
    Email: saunderm@jacksonlewis.com